**Rodger E. STEVENS, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–96–104–CR.**

Court of Appeals of Texas,
Fort Worth.

Jan. 16, 1997.

Rehearing Overruled Feb. 20, 1997.

Discretionary Review Refused May 7, 1997.

Fred Marsh, Denton, for appellant.

Bruce Isaacks, District Attorney, Yolanda M. Joosten, Kevin Henry, Paul Johnson, Assistant District Attorney, Denton, for appellee.

Before CAYCE, C.J., and BRIGHAM and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

Rodger E. Stevens was indicted for the offense of knowingly and intentionally engaging in sexual contact with a female child not his spouse and younger than the age of 17 by touching her genitals. Represented by counsel, Stevens negotiated a plea bargain with the State, pleading *nolo contendere* on record in open court. Adjudication of guilt was deferred and Stevens was placed on probation requiring 3 years of community supervision. Stevens asserts that after he agreed to the plea bargain, the trial court modified its terms without allowing him an opportunity to withdraw his plea. His three points of error are that the trial court improperly (1) denied his right to appeal, (2) refused to allow him

to withdraw his plea after altering the agreement, and (3) failed to grant his motion for new trial based on insufficient evidence.

Because we do not have jurisdiction over the subject matter of this appeal, we dismiss it for lack of jurisdiction.

## BACKGROUND

The trial court's hearing to consider the negotiated plea was held November 6, 1995. State's Exhibit 1 was admitted into evidence with no objection by Stevens. It is entitled "Defendant's Waivers and Judicial Confession." The written statements signed by Stevens in State's Exhibit 1 include this:

5. I waive in writing and in open court the appearance, confrontation and cross-examination of witnesses, and I further consent to an oral or written stipulation of the evidence and testimony and I agree to the introduction of testimony by ... a judicial confession....

I do further admit and judicially confess that I am the person named in the charging instrument and that I understand the charge contained therein and:

I plead *NOLO CONTENDERE* to the offense of indecency with [sic] child exactly as alleged in the charging instrument ... and agree that the Court can consider the evidence and stipulation of testimony in determining guilt; ...

I agree that the Court may consider my judicial confession as evidence in this case ... [A]ll of the above waivers ... are made voluntarily, knowingly, and intelligently and I further state that the statements contained in my judicial confession are true and correct....

Stevens and his attorney signed another document, admitted into evidence as State's Exhibit 2 with no objection by Stevens. In it, Stevens states under oath:

[e]vidence presented by the State of Texas would show that on the 17th day of October, 1992, in Denton County, Texas, the defendant, Rodger Stevens, did then and there knowingly and intentionally engage in sexual contact with [D.S.], a female child not his spouse and younger than 17 years

of age by then and there touching the genitals of the said [D.S.] with the intent to arouse and gratify the sexual desire of the defendant.

Among the benefits Stevens received from his negotiated plea was that, once the court accepted the plea bargain, he would receive probation and would not have to undergo a trial on that evidence. As the trial court considered State's Exhibits 1 and 2, Stevens told the judge that his plea of *nolo contendere* was voluntary, that he fully understood the plea and each of the documents he had signed, and that he had discussed them with his attorney before he signed. The record shows that Stevens is an intelligent person, a citizen of the United States who is fluent in the English language, has attended graduate school, and writes books for children. The judge accepted the *nolo contendere* plea and set the punishment hearing for the next day.

At the punishment hearing on November 7, 1995, both the State and Stevens declined the opportunity to present any evidence on punishment. Then the court considered a document entitled "Plea Bargain Agreement." In it, Stevens agreed that he would be subject to:

> COMMUNITY SUPERVISION ... for 3 years subject to all the terms and conditions imposed by the trial court. Further, *the judge,* as provided by Article 42.12, Sec. 11 V.A.C.C.P., *may at any time during the period of probation alter or modify the conditions....* [Emphasis added.]

On the record, the court found that the evidence substantiates Stevens' guilt of the felony offense charged in the indictment but that the final adjudication of guilt, assessment of punishment and pronouncement of sentence would be deferred. The court then announced that Stevens would be placed on probation for three years. When asked, Stevens told the judge he had gone over the terms and conditions of probation with both his attorney and the probation department and understood the terms. The judge also informed Stevens of the duty to register under the Sex Offender's Registration Act (Tex.Rev.Civ.Stat.Ann. art. 6252–13c.1 (Vernon Supp.1997)) and that the court would inform the Texas Department of Public Safe-

ty and the local authorities in Idaho (where Stevens would reside) of the details of probation and the offense for which he was convicted. Court adjourned and a few days later Stevens filed a motion for new trial.

## MOTION FOR NEW TRIAL

■ The hearing of the motion was not until January 19, 1996, and Stevens testified. He told the court that after the November 7, 1995 hearing he had gone to the probation department and there signed his agreement to an "Order Amending Terms" that detailed his required sexual offender's counseling, registration, psychosexual evaluation, agreement not to possess certain sexual materials, and his agreement to pay probation fees. He testified that he had not discussed those specific matters with his attorney, but signed the amended terms and then went to Idaho.

The offense for which Stevens was indicted is entitled "Indecency with a Child." *See* Act of May 23, 1973, 63rd Leg., R.S., ch. 399, § 1, 1973 Tex.Gen. Laws 918, *amended by* Act of May 29, 1987, 70th Leg., R.S., ch. 1028, § 1, 1987 Tex.Gen. Laws 3473 (current version at Tex. Penal Code Ann. § 21.11 (Vernon 1994)). A portion of the plea bargain agreement that Stevens and his attorney signed provides for "community supervision," the process authorized by Tex.Code Crim.Proc. Ann. art. 42.12 (Vernon 1979 & Supp.1997). Stevens told the court at the plea hearing that he had signed State's Exhibits 1 and 2; then this exchange followed:

> [COURT]: Did you go over each of those documents with your attorney before you signed them?
>
> [STEVENS]: Yes.
>
> [COURT]: And do you believe that you fully understood each of those documents before you signed it?
>
> [STEVENS]: Within reason, sir.
>
> [COURT]: Is there anything that you need to ask your attorney about before proceeding with this hearing?
>
> [STEVENS]: No, sir.

The Penal Code defines the victim of the offense described in Stevens' indictment as a "child." *See* Tex. Penal Code Ann. § 22.011(c)(1) (Vernon 1994). The "commu-

nity supervision" provisions of article 42.12 included section 13B when the court placed Stevens on community supervision as a condition of probation:

> (a) If a judge grants community supervision to a defendant described by Subsection (b) and the judge determines that a child as defined by Section 22.011(c), Penal Code, was the victim of the offense the judge shall establish a child safety zone applicable to the defendant by requiring as a condition of community supervision that the defendant:
>
> . . . .
>
> (2) attend psychological counseling sessions for sex offenders with an individual or organization which provides sex offender treatment or counseling as specified by or approved by the judge or the community supervision and corrections department officer supervising the defendant.
>
> (b) This section applies to a defendant placed on community supervision for an offense:
>
> . . . .
>
> (2) under Section . . . 21.11 . . . Penal Code. . . .

TEX.CODE CRIM.PROC.ANN. art. 42.12 § 13B (Vernon Supp.1997).

Stevens was indicted for the offense described in Section 21.11, and because "community supervision" under article 42.12 is an integral part of the plea bargain, we presume that its statutory requirements were among the matters on which Stevens was advised by his attorney before the plea bargain was accepted by the court. Stevens' brief on appeal seems to acknowledge that the basic conditions of his probation required him to register as a sex offender, but the brief implies that he was surprised by amended terms requiring sexual offender's counseling, a psychosexual evaluation, and prohibiting him from possessing printed, photographed, or recorded material for the purpose of his deviant sexual arousal or frequenting any place where that material is available to him. However, Stevens' testimony at the hearing of his motion for new trial did not address any specific amendment provision that he believes entitles him to withdraw his plea and

have a new trial. Stevens merely complains that the court would not allow him to withdraw his plea of *nolo contendere* and have a new trial.

■ Although not cited in his brief, the Texas Code of Criminal Procedure compels a court to allow a defendant to withdraw a negotiated plea if the court rejects the plea bargain agreement. *See* TEX.CODE CRIM. PROC.ANN. art. 26.13(a)(2) (Vernon 1989). However, Stevens' plea bargain was accepted by the court, not rejected. And on appeal, he ignores a plain term to which he agreed: "the judge . . . may at any time during the period of probation alter or modify the conditions. . . ." Stevens does not claim that the content of any of the amended provisions of probation are inherently erroneous. He merely complains that it was error for the trial judge to later add amendments onto their previously negotiated bargain. Stevens' argument is the equivalent of "I want a reversal because the judge did exactly what I agreed he could do in the first place." Because a trial court retains continuing jurisdiction over a defendant's probation, it has almost unlimited authority as a matter of law to alter or modify any conditions of probation during the probationary period. *See* TEX. CODE CRIM.PROC.ANN. art. 42.12, §§ 10(a), 11(a) (Vernon Supp.1997); *Bailey v. State*, 888 S.W.2d 600, 604 (Tex.App.—Beaumont 1994, no pet.).

## WAIVER OF APPEAL

■ On November 6, 1995, both Stevens and his attorney signed a waiver of appeal. Stevens' signature is followed by a verification in which he swore that the contents of the waiver are true and correct, including:

> I have been fully informed by the Judge of this Court and by my attorney and I understand that where there is a plea bargain agreement and the punishment assessed by the Court does not exceed the agreed recommendation, I do not have the right to appeal without permission of the Court, except for those matters raised by written motions and presented to the Court prior to trial . . . With a full understanding of the foregoing, I hereby, with

the consent and approval of my attorney, in person, in writing, and in open court, waive the right to any appeal in this case and state that I do not desire to appeal.

The trial court was not required to grant Stevens permission to appeal nonjurisdictional issues such as whether the judge had the right to amend the plea bargain agreement.

## SUFFICIENCY OF EVIDENCE

■ On a plea of *nolo contendere,* a conviction may be supported by stipulated evidence where the defendant consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses. *See* TEX.CODE CRIM.PROC.ANN. art. 1.15 (Vernon 1977 & Supp.1997). That was done in this case. The supporting evidence may be by oral or written stipulations even though they do not contain a confession of guilt by the accused. *See Galitz v. State,* 617 S.W.2d 949, 954–55 (Tex.Crim.App.1981); *Burger v. State,* 920 S.W.2d 433, 435 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd). The question of sufficiency of the evidence is a nonjurisdictional issue. *See Davis v. State,* 870 S.W.2d 43, 47 (Tex.Crim.App.1994).

## JURISDICTION

The State's cross-point is that Stevens' appeal should be dismissed because his notice of appeal does not comply with TEX. R.APP.P. 40(b)(1). We agree. *See, Watson v. State,* 924 S.W.2d 711, 714 (Tex.Crim.App. 1996). Stevens' appeal is dismissed for lack of jurisdiction.