Office of the Attorney General · State of Texas



February 2, 2000

The Honorable David M. Motley
Kerr County Attorney
County Courthouse, Suite BA-103
700 Main Street
Kerrville, Texas 78028

Opinion No. JC-0173

Re: Whether fines assessed and collected pursuant to an order modifying the terms of community supervision should be deposited with the county clerk or with the county community supervision and corrections department (RQ-0086-JC)

Dear Mr. Motley:

You ask us to determine the proper disposition of fines collected from a criminal defendant pursuant to a court-ordered modification of the terms of the defendant's community supervision.

As a general rule, fines paid by a criminal defendant in a district or county court are collected by a county officer pursuant to the requirements of chapter 103 of the Code of Criminal Procedure and deposited in the county treasury. *See* TEX. CODE CRIM. PROC. ANN. arts. 103.003(a), .004(a), .010 (Vernon Supp. 2000); Tex. Att'y Gen. Op. No. DM-396 (1996) at 8. Unless directed by law to be deposited in a special fund, *see* Tex. Att'y Gen. Op. No. JC-0031 (1999) at 4-5, funds collected as criminal fines and deposited in the county treasury normally are subject to laws governing the use of general county funds, *see* TEX. CODE CRIM. PROC. ANN. art. 103.004 (Vernon Supp. 2000).

Article 42.12 of the Code of Criminal Procedure, however, establishes a different procedure for money collected from a criminal defendant as a result of an "increase in the defendant's fine" imposed pursuant to a modification of the terms of the defendant's community supervision. Community supervision, also known as probation, is "the placement of a defendant by a court under a continuum of programs and sanctions, with conditions imposed by the court for a specified period [of time.]" *Id.* art. 42.12, § 2(2). During the period of community supervision, either (1) criminal proceedings against the defendant are deferred without an adjudication of guilt, or (2) the defendant is adjudicated guilty and the defendant's sentence is probated and the imposition of sentence is suspended in whole or in part. *Id.* If a fine has been assessed against a criminal defendant who has been placed on community supervision and payment of the fine has not been probated, a judge may require the defendant to pay his fine as a condition of community supervision. *See id.* § 11(a)(8). If the defendant violates the terms of his probation, the court, in accordance with certain procedures, may continue the probation with or without modified terms, or may revoke the probation. *See id.* §§ 10, 21, 22, 23. If a judge modifies a defendant's probation, the judge may, among other things, order an increase in the defendant's fine. *Id.* § 22(a)(3), (d).

Money received by the judge from the increase in the defendant's fine must be deposited in a special fund in the county treasury to be used by the county community supervision and corrections department pursuant to chapter 76 of the Government Code:

> (d) A judge may impose a sanction on a defendant described by Subsection (a)(3) of this section by increasing the fine imposed on the defendant. The original fine imposed on the defendant and an increase in the fine imposed under this subsection may not exceed the maximum fine for the offense for which the defendant was sentenced. The judge shall deposit money received from an increase in the defendant's fine under this subsection in the special fund of the county treasury to be used for the same purpose for which state aid may be used under Chapter 76, Government Code.

*Id.* art. 42.12, § 22(d). Thus, a fine collected from a defendant on probation must be deposited in a special fund for use of the county probation department if there has been an "increase in the defendant's fine" pursuant to a probation modification.

You ask us to determine whether there is an "increase in the defendant's fine" when a probationer is ordered to pay all or part of the remainder of a partially probated fine:

> D is charged with a Class B misdemeanor, for which the possible range of punishment is up to 180 days in jail, and up to a $2,000 fine. D pleads guilty, and is assessed the entire 180 days in jail, fully probated, and is assessed the entire $2,000 fine, of which $1,500.00 is to be probated.
>
> After several months, D's probation officer receives information that D has committed a new offense, which constitutes a violation of D's probation. D is arrested on a Motion to Revoke or Modify Probation, and a hearing is held on the motion. At the hearing, the judge decides that the D's probation should be modified rather than revoked, and as punishment for the violation, reinstates $1,000.00 of the $1,500.00 that was originally probated.
>
> D, duly chastened, and attempting now to comply fully with his terms and conditions of probation, arrives at the courthouse, with $1,000.00 in hand (having previously paid the original $500.00 fine assessed at the time of the sentencing). Unfortunately, the probation department tells D that he must give them the money, and the Kerr County Clerk tells him that the money must be deposited with them. D is at a loss.

Letter from Honorable David M. Motley, Kerr County Attorney, to Honorable John Cornyn, Texas Attorney General (July 15, 1999), Brief at 1 (on file with Opinion Committee) [hereinafter "County Attorney's Brief"].

Although your hypothetical calls on us to determine which county officer or department should accept the funds from the defendant, in our view the critical issue raised by your inquiry is not who should collect the funds, but where the funds ultimately should be deposited. Irrespective of which office initially collects the money from the defendant, article 42.12 is concerned about where the money ends up. If the fine imposed under the circumstances you describe is an "increase in the defendant's fine," it must be deposited in the county probation department's special fund pursuant to article 42.12, section 22(d), of the Code of Criminal Procedure. Otherwise, it goes into the county's general treasury fund.

You tell us that the Kerr County Adult Community Supervision and Corrections Department argues that when a judge reinstates part of a fine that has been probated, there has been an increase in the defendant's fine for purposes of article 42.12. *See* County Attorney's Brief, *supra*, at 2. You also tell us that the Kerr County Clerk argues, on the other hand, that in such a case there has been no increase in the fine imposed on the defendant, but only an increase in the portion of the fine that is immediately payable instead of probated. *Id.* at 1.

In our view, an "increase in a defendant's fine" for purposes of article 42.12, section 22(d), of the Code of Criminal Procedure means an increase in the total fine assessed against the defendant, including the probated and unprobated portions of the fine. The language of article 42.12 suggests that "an increase in a defendant's fine" refers to an increase in the "original fine" imposed upon the defendant: "The original fine imposed on the defendant and an increase in the fine imposed under this subsection may not exceed the maximum fine for the offense for which the defendant was sentenced." TEX. CODE CRIM. PROC. ANN. art. 42.12 § 22(d) (Vernon Supp. 2000). The "original fine," we believe, is the total fine assessed against the defendant at the time the defendant was sentenced and placed on community supervision. Only when there has been an increase in the total amount of the original fine has there been an "increase in the defendant's fine" for purposes of article 42.12, section 22(d) of the Code of Criminal Procedure.

In the scenario you lay out, the defendant was assessed a total fine of $2,000, of which $1,500 was probated and $500 was required to be paid immediately. You say that the judge did not increase the amount of the $2,000 fine, but "reinstate[d] $1,000.00 of the $1,500.00 fine that was originally probated." County Attorney's Brief, *supra*, at 1. But we believe that no "increase in a defendant's fine" has occurred in such a case because the total fine originally assessed against the defendant, $2,000, was not increased. Indeed, there could have been no increase in the defendant's fine in your scenario, since the defendant had already been sentenced to the maximum fine allowable for that offense. Article 42.12, section 22(d) provides that the original fine imposed on the defendant and an increase in the fine may not exceed the maximum fine for the offense for which the defendant was sentenced. *Id.* § 22(d).

You also ask about the effect of an increase in a defendant's fine, as opposed to a modification of community supervision terms that does not effect an increase, when the defendant is serving community supervision as part of a negotiated plea bargain. *See* County Attorney's Brief, *supra*, at 2. Plea bargaining involves a preconviction bargain between the prosecutor and the defendant where the prosecutor makes a concession in exchange for the defendant's promise to plead guilty or nolo contendere. *Perkins v. Third Court of Appeals*, 738 S.W.2d 276, 282 (Tex. Crim. App. 1989). The Code of Criminal Procedure provides that "[n]o plea of guilty or nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary." TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (Vernon 1989). When a defendant enters a plea of guilty or nolo contendere pursuant to a plea bargain, and the plea is accepted and the agreement approved by the trial court, the state is bound to carry out its side of the plea bargain. *See Ex parte Austin*, 746 S.W.2d 226, 227 (Tex. Crim. App. 1988) (en banc). If the state does not live up to its part of the plea bargain and the bargain was used as inducement for a plea, then doubt is raised as to whether the plea was truly voluntary. *Id.* You suggest that where a defendant has pleaded guilty in exchange for probation and payment of a certain fine, then an increase in that fine by the court changes the terms of the plea bargain and renders it involuntary.

Article 42.12, section 22 of the Code of Criminal Procedure allows a court to modify the terms of a defendant's probation. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 22 (Vernon Supp. 2000). "Because a trial court retains continuing jurisdiction over a defendant's probation, it has almost unlimited authority as a matter of law to alter or modify any conditions of probation during the probationary period." *Stevens v. State*, 938 S.W.2d 517, 520 (Tex. App.–Fort Worth 1997, pet. ref'd). You suggest that while a court clearly may modify the conditions of probation, it is not clear that the court may change the "essential terms of the underlying judgment." County Attorney's Brief, *supra*, at 2. However, the Code of Criminal Procedure characterizes an increase in the defendant's fine as one of the conditions of community supervision that a court may modify. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 22(a)(3) (Vernon Supp. 2000); *cf. Christopher v. State*, 1999 WL 997800 at 2, n.1 (Tex. App.–Houston [1st Dist.] 1999, pet. filed) (stating that an extension of the period of community supervision is a "modification of the conditions of community supervision" under article 42.12, section 22(a), of the Code of Criminal Procedure). The possibility of an increase in the fine is a part of the plea bargain, and thus the imposition of an increase as part of a probation modification does not render the plea agreement involuntary. *See Speth v. State*, 1999 WL 1076342 (Tex. Crim App.1999); *Stevens*, 938 S.W.2d at 520.

## S U M M A R Y

Article 42.12, section 22(d) of the Code of Criminal Procedure provides that money received from an increase in a defendant's fine pursuant to a modification of the terms of the defendant's community supervision must be deposited in a special fund in the county treasury to be used by the county community supervision and corrections department. An "increase in a defendant's fine" for purposes of article 42.12, section 22(d), of the Code of Criminal Procedure means an increase in the total original fine, including the probated and unprobated portions of the fine, assessed against the defendant when the defendant was sentenced and placed on community supervision.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Barbara Griffin
Assistant Attorney General - Opinion Committee