IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-11-00279-CR

No. 10-11-00280-CR

No. 10-11-00281-CR

No. 10-11-00282-CR

 

Russell Wade Eason,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 54th District
Court

McLennan County, Texas

Trial Court Nos. 2011-411-C2,
2011-412-C2, 

2011-413-C2, and 2011-443-C2

 



MEMORANDUM  Opinion



 

            Russell Wade Eason appeals a
conviction for unlawful possession of a firearm by a felon, two convictions for
burglary of a habitation, and a conviction for theft over $20,000 but less than
$100,000.  By letter dated July 27, 2011, the Clerk of this Court notified
Eason that his appeals were subject to dismissal because the trial court’s
certificate of right of appeal that Eason signed in each underlying criminal
case indicated that the underlying criminal cases were plea bargain cases and
that Eason had no right to appeal and waived his right to appeal.  See Tex. R. App. P. 25.2(d).  The Clerk
also warned Eason that the appeals would be dismissed unless, within 21 days of
the date of the letter, a response was filed showing grounds for continuing the
appeals.  See Tex. R. App. P.
44.3.  We received a response from Eason; however, it does not provide grounds
for continuing the appeal.  

Accordingly, these appeals are
dismissed.

 

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Appeals
dismissed

Opinion
delivered and filed August 10, 2011

Do
not publish 

[CR25]






p style="text-align: justify; line-height: 0.388889in">      This is an appeal from a conviction for indecency with a child. See Tex. Pen. Code Ann.
§ 21.11 (Vernon 1994). In four points of error, Mullins complains of the trial court’s decision
to proceed with adjudication. We will overrule two points, dismiss two points, and affirm the
court’s decision. 
Procedural History
      In August of 1993, Joseph Mullins was charged by indictment with the offense of aggravated
sexual assault of a child. He signed a waiver of jury trial, stipulation of evidence and a judicial
confession. He then entered a nolo contendere plea. Mullins was sentenced in accordance with
a plea bargain agreement to seven years’ deferred adjudication for the lesser-included offense of
indecency with a child. The conditions of probation were explained to Mullins, who agreed to
abide by them. These conditions of probation were later modified by the trial court. 
      In June of 1997, the State filed a motion to proceed with adjudication. A hearing was held
on the State’s motion on July 21, 1997. At the hearing, the court adjudicated Mullins guilty of
the original offense and assessed punishment at six years’ incarceration in the Institutional Division
of the Texas Department of Criminal Justice.
Additional Conditions of Probation
      In points one and two, Mullins complains that his due process rights were violated or,
alternatively, that his plea of nolo contendere was involuntary, because the court added conditions
of probation “without a motion or waiver of hearing.” He asks that we either reverse and render
a decision in his favor or, alternatively, remand the case for additional consideration after deleting
the subsequently-added conditions of probation.


 Mullins relies on Article 42.12, sections 21 and
22 to support his contentions. See Tex. Code Crim. Proc. Ann. art. 42.12 (Vernon Supp. 1998).
      Article 42.12, section 11(a) of the Code of Criminal Procedure states that “[t]he judge of the
court having jurisdiction of the case shall determine the conditions of community supervision and
may, at any time, during the period of community supervision alter or modify the conditions.” 
The additional conditions placed on Mullins’ probation were reasonable and “designed to protect
or restore the community, protect or restore the victim, punish, rehabilitate, or reform the
defendant,” placing them within the purview of Article 42.12, section 11(a). 
      Section 21 provides the procedures to be followed in the event violations of community
supervision occur, and Section 22 provides the procedures to be followed subsequent to a hearing
under Section 21. Thus, Mullins’ reliance on Sections 21 and 22 to support his argument that he
had a right to a hearing prior to having his probation conditions modified is misplaced. It is not
necessary that the court follow these sections in modifying conditions of probation. 
      It is uncontroverted that Mullins was informed about the additional conditions, was provided
a copy of the Order, and acknowledged in writing both that he understood and agreed to abide by
the additional conditions. The original judgment deferring adjudication unequivocally stated,
tracking Article 42.12, section 11(a), that “IT IS FURTHER ORDERED BY THE COURT that
the foregoing terms and conditions of probation and the period of the same may be altered,
modified, changed or terminated at any time by the Court.” Mullins acknowledged in writing and
in open court that he fully understood the conditions of his probation. 
      Mullins’ situation is almost identical to that found in Stevens v. State, 938 S.W.2d 517 (Tex.
App.—Fort Worth 1997, pet. ref’d). In Stevens, the appellant was placed on deferred adjudication
for indecency with a child. Like Mullins, the two additional conditions of which he complained
were statutory requirements for sex offenders. The court held that because "community
supervision" under Article 42.12 is an integral part of the plea bargain, it is assumed that the
statutory requirements were among the matters on which appellant was advised by his attorney
before the plea bargain was accepted by the court. The court further pointed out that, on appeal,
Stevens ignored a plain term to which he agreed: "the judge ... may at any time during the period
of probation alter or modify the conditions . . . ." Likewise did Mullins agree to these same
terms. Stevens complained that it was error for the trial judge to later add amendments onto their
previously negotiated bargain. The court stated that, “Stevens' argument is the equivalent of ‘I
want a reversal because the judge did exactly what I agreed he could do in the first place.’” We
find the same to be true of Mullins’ argument. Because a trial court retains continuing jurisdiction
over a defendant's probation, it has almost unlimited authority as a matter of law to alter or modify
any conditions of probation during the probationary period. Id.; Tex. Code Crim. Proc. Ann.
art. 42.12, § 11(a) (Vernon Supp.1998); Bailey v. State, 888 S.W.2d 600, 604 (Tex.
App.—Beaumont 1994, no pet.). Finding that the court was within its authority, we overrule
points one and two.
The Decision to Proceed to Adjudication of Guilt
      Mullins complains in points three and four of alleged errors which occurred at the adjudication
proceeding. In point three, he maintains the trial court erred by finding sufficient evidence to
support a finding that he had violated the terms of his community supervision when he failed to
pay the required fees, failed to register in the municipality in which he intended to reside, and
failed to attend psychological counseling. In point four he complains that the conditions of
probation were too vague to enforce against him. Because these complaints are directed at the trial
court’s decision to proceed with adjudication, Mullins is barred from raising them on appeal.
      Article 42.12, section 5(b) of the Code of Criminal Procedure provides that a defendant
cannot appeal from “the determination by the court of whether it proceeds with an adjudication
of guilt on the original charge.” Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp.
1998). The Court of Criminal Appeals has held this provision to mean a defendant may appeal
“all proceedings after adjudication of guilt on the original charge,” but “the Legislature meant
what it said” that no appeal may be taken from the trial court’s decision to proceed with an
adjudication of a defendant’s guilt. Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App.
1992). The decision to proceed with an adjudication of guilt is left to the “absolute,
nonreviewable discretion” of the trial court. Burger v. State, 920 S.W.2d 433, 436-37 (Tex.
App.—Houston [1st Dist.] 1996, no pet.).
      Consequently, because these complaints are directed at the trial court’s decision to proceed
with an adjudication of Mullins’ guilt, he is foreclosed from asserting them on appeal. Points
three and four are dismissed. See id. (the proper disposition of complaints about a trial court’s
decision to proceed with an adjudication of guilt is dismissal). 
      Points three and four are dismissed.
CONCLUSION
      The trial court’s judgment is affirmed. 
 
                                                                               BILL VANCE
Before Chief Justice Davis,                                         Justice
           Justice Cummings, and
           Justice Vance
Affirmed
Opinion delivered and filed April 16, 1998 
Do Not Publish