Julio PEREZ, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 01–99–00132–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 19, 1999.

Matthew B. Alford, Houston, for Appellant.

Carol M. Cameron, John B. Holmes, Houston, for State.

Panel consists of Chief Justice SCHNEIDER and Justices HEDGES and ANDELL.

## ORDER

PER CURIAM.

On November 23, 1998, appellant appeared in court with appointed counsel and entered a plea of no contest with an agreed plea bargain of 25 years incarceration. The trial judge followed the terms of the plea agreement in assessing punishment. A motion for new trial was filed on December 14, 1998. On January 8, 1999, the trial judge appointed Matthew B. Alford to represent appellant on appeal and ordered the court reporter, Kathleen O'Connor Powers, to prepare the reporter's record. Notice of appeal was filed by Alford on January 26, 1999. The clerk's record was filed in this Court on March 23, 1999.

Both Powers and Alford notified this Court by letter that the trial court judge advised them that she followed the plea agreement and did not grant permission to appeal. In her letter of July 7, 1999, Powers stated that she was instructed by the trial judge not to transcribe the record. In his letter of July 8, 1999, Alford stated that he should no longer be considered as counsel of record because, although appellant wished to appeal his plea of guilty, the trial judge denied permission to appeal.[1] It therefore appears that after appointing appellate counsel and ordering

1. Alford did not file a motion to withdraw as counsel. His letter asks that he be removed as counsel of record, but it is not joined by

the court reporter to prepare and file the reporter's record in January 1999, months later the trial judge issued contradictory oral orders to both the attorney she had appointed and to the court reporter.

Alford also stated in his letter that the trial court informed appellant that he must proceed pro se or retain counsel if he wished to appeal her ruling. The record contains a pauper's oath filed by appellant on April 13, 1998. The trial judge appointed trial counsel to represent appellant on that date. Alford's letter made no reference to a change in appellant's indigency status, and the record contains no indication that appellant is no longer indigent.

■ The fact that the trial judge denied permission to appeal appellant's no contest plea in which the court followed the terms of the plea agreement does not foreclose all possible issues that could be raised on appeal. Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure provides:

> But if the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice must:
>
> (A) specify that the appeal is for a jurisdictional defect;
>
> (B) specify that the substance of the appeal was raised by written motion and ruled on before trial; **or**
>
> (C) state that the trial court granted permission to appeal.

TEX.R.APP. P. 25.2(b)(3). (Emphasis added.)

■ Appellant filed a general notice of appeal in this case. However, an amended notice of appeal correcting a defect or omission may be filed in this Court at any time before appellant's brief is filed. TEX. R.APP. P. 25.2(d); *see also Glenn v. State,*

appellant, nor is there a statement that the letter was sent to appellant.

991 S.W.2d 285, 289 (Tex.App.—Houston [1st Dist.] 1997, pet. ref'd). An amended notice of appeal could confer upon this Court jurisdiction to consider matters notwithstanding the trial court's denial of permission to appeal. We also observe that at least two of our sister courts have held that even under the revised Rules of Appellate Procedure, *Flowers v. State*[2] remains viable, and the voluntariness of a plea can always be challenged on appeal as a fundamental right. *See Moore v. State*, 4 S.W.3d 269, 272 (Tex.App.—Houston [14th Dist.] 1999) (designated for publication); *Session v. State*, 978 S.W.2d 289, 291 (Tex.App.—Texarkana 1998, no pet.). This Court has not addressed that issue.

 We cannot say at this point what merit any issues may have in this particular appeal, or how this Court may rule. What we are saying is that the trial court's denial of permission to appeal merely limits the issues that may be addressed on appeal; it may not operate to deny appellant's right to appeal his conviction.[3] This Court, not any other, retains the power to determine the existence and limits of its jurisdiction which, in certain cases, such as this one, will require a clerk's record, a reporter's record, and the services of appellate defense counsel. Therefore, because there has been no finding of change in appellant's indigency status, appellant remains entitled to appointed counsel and a free record. *See Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956).

2.  *Flowers v. State*, 935 S.W.2d 131, 134 (Tex. Crim.App.1996), held that a plea-bargaining defendant who filed a general notice of appeal under former Rule 40(b)(1) (*now* Rule 25.2) could *still* challenge *jurisdictional issues* and the voluntariness of the plea. *See* Tex.R.App. P. 40(b)(1) (repealed effective September 1, 1997).

3.  The First and Fourteenth Courts of Appeals have also addressed this subject in the context

Accordingly, we order as follows. The court reporter, Kathleen O'Connor Powers, is ordered to file the reporter's record no later than 30 days from the date of this order. Matthew B. Alford remains counsel of record on appeal. Appellant's brief is due 30 days after the reporter's record is filed. *See* TEX.R.APP. P. 38.6(a). Any amended notice of appeal that may be filed is due before appellant's brief is filed. *See* TEX.R.APP. P. 25.2(d).

The State's motion to dismiss the appeal for lack of jurisdiction because the notice of appeal does not comply with TEX.R.APP. P. 25.2(b)(3) is **denied without prejudice** as premature.

It is so **ORDERED**.

of a trial court judge's *disallowing the filing of notice of appeal* after a plea of guilty or no contest when the trial judge followed the plea agreement. *See In re Swarthout*, 982 S.W.2d 92, 94–95 (Tex.App.—Houston [1st Dist.] 1998, orig. proceeding) (Taft, J., concurring and dissenting); *Campos v. State*, 818 S.W.2d 872 (Tex.App.—Houston [14th Dist.] 1991), *pet. ref'd* 821 S.W.2d 162 (Tex.Crim.App.1992).