NO. 07-00-0306-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 18, 2000

_____

FRANCISCO JAVIER OLVERA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 263RD DISTRICT COURT OF HARRIS COUNTY;

NO. 824786; HONORABLE JIM WALLACE, JUDGE
_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ORDER OF ABATEMENT AND REMAND

This is an appeal by appellant Francisco Javier Olvera from a conviction and sentence in cause number 824786 in the 263rd District Court of Harris County, Texas (the trial court), for possession of a firearm before the fifth anniversary of his release from confinement pursuant to a prior felony conviction. As part of a plea bargain, appellant executed a waiver of his right to appeal if the plea bargain agreement between appellant, his attorney, and the prosecutor was accepted by the trial court. The trial court accepted the plea bargain, found appellant guilty, and sentenced appellant to the agreed-upon term

of five years confinement in the Texas Department of Criminal Justice, Institutional Division. Despite execution of a waiver of his right to appeal, appellant signed and filed (1) a *pro se* notice of appeal and request for permission of the trial court to appeal; (2) a document entitled Pauper's Oath on Appeal by which appellant verified that he was too poor to employ counsel on appeal and requested appointment of counsel for appeal. The trial court advised appellant that counsel for appeal would not be appointed, and so noted on appellant's Pauper's Oath.

The appellate court clerk has received and filed the trial court clerk's record. The trial court clerk's record contains a waiver of appellant's right to have a court reporter record his guilty plea proceeding, and no reporter's record has been received by the appellate court clerk.

The trial court clerk's record reflects that, prior to appellant's conviction, counsel ("trial counsel") was appointed to represent appellant. No order appears of record relieving trial counsel from his duty to represent appellant. No separate appointment of counsel has been made for appeal. No appearance has been made by any counsel for appellant on appeal. See TEX. CRIM. PROC. CODE ANN. arts. 1.051.(c),(d), 26.04(a) (Vernon Supp. 2000)[1]; TEX. R. APP. P. 6.4(b).

Pursuant to prior abatement and remand by this court, the trial court conducted a hearing and has forwarded a reporter's record of such hearing for filing with the appellate

---

[1]Further references to an article of the Code of Criminal Procedure will be by reference to "Article _."

2

clerk. The record of the trial court hearing reflects findings and conclusions of the trial judge that appellant waived his right to appeal as part of the plea bargain process, the plea bargain was honored, and that appellant is not entitled to appointed counsel for an appeal from his conviction, but that appellant may prosecute his appeal *pro se.* As part of the record of such hearing, the trial court attached copies of appellant's waiver of appeal and other rights and written admonishments of appellant which were part of the plea bargain process, and references to legal authority upon which the trial court relied in reaching the conclusion that appellant is not entitled to appointed counsel on appeal, particularly noting the case of Blanco v. State, 18 S.W.3d 218 (Tex.Crim.App. 2000).

In Blanco, the Court of Criminal Appeals reviewed an appeal in which a defendant was convicted of burglary by a jury. The defendant then made an agreement with the prosecution in which the defendant agreed to waive his right to appeal, in exchange for the prosecution's promise to recommend to the trial court that the court assess a 16-year sentence. The prosecution fulfilled its agreement by recommending the trial court sentence Blanco to 16 years confinement. The trial court followed the prosecution's recommendation and sentenced defendant to 16 years incarceration. The defendant then filed a notice of appeal, despite his agreement not to do so. The Court of Criminal Appeals noted, in affirming dismissal of the appeal by the court of appeals, that the considerations in post-conviction waiver cases are different than the considerations in pretrial waiver cases such as Ex parte Townsend, 538 S.W.2d 419 (Tex.Crim.App. 1976). Blanco, 18

3

S.W.3d at 219-20. In referencing Townsend, however, the Blanco Court did not indicate that Townsend was no longer viable.

In Townsend, the defendant agreed in writing that he knowingly and voluntarily waived his right of appeal, pled guilty, and punishment was assessed by the trial court. The defendant then timely filed a written notice of appeal. The trial court entered an "Order Denying Defendant's Notice of Appeal." On application for writ of habeas corpus, the Court of Criminal Appeals posed the issue as ". . . whether a defendant is bound by his agreement to waive appeal when the agreement is made prior to trial." In answering the question, the Court held ". . . as a matter of law, that a waiver of right of appeal made prior to trial cannot . . . be made knowingly and intelligently. Such a waiver is therefore not binding on a defendant." Id. at 420.

Our appellate jurisdiction has been invoked by appellant's timely notice of appeal, see State v. Riewe, 13 S.W.3d 408, 410 (Tex.Crim.App. 2000), at least to the extent that we must determine if we have jurisdiction. State v. Roberts, 940 S.W.2d 655, 657 (Tex.Crim.App. 1996). We are mindful that appellant's notice of appeal is a general notice, and that such a notice has limits as to issues which can be asserted when appellant's conviction was pursuant to a plea bargain. See Tex. R. App. P. 25.2(b)(3); Perez v. State, 4 S.W.3d 305, 306-07 (Tex.App.--Houston [1st Dist.] 1999, no pet.). But, a notice of appeal may be amended under certain circumstances in a criminal case, see Tex. R. App. P. 25.2(d), Perez, 4 S.W.3d at 306-07, and a claim that a defendant's plea of guilty or nolo contendere was not voluntary can be asserted under a general notice of appeal, even

4

though the plea was pursuant to a plea bargain honored by the trial court. See Flowers v. 935 S.W.2d 131, 133-34 (Tex.Crim.App. 1996) (considering former Rule 40(b)(1)); Perez, 4 S.W.3d at 305; Hernandez v. State, 986 S.W.2d 817, 820 (Tex.App.--Austin, 1999, pet. ref'd); but see Villanueva v. State, 977 S.W.2d 693, 695-96 (Tex.App.--Fort Worth 1998, no pet.).

Without expressing any opinion as to the matter currently pending on behalf of appellant, we note our awareness that many appeals from plea-bargained convictions are eventually dismissed, or are the subject of briefs positing that the appeal lacks merit. See Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Nevertheless, the Legislature has provided that if an indigent defendant is entitled to and requests appointed counsel, counsel is to be appointed as soon as possible, Article 1.051(c), and that an indigent defendant charged with a felony or a misdemeanor punishable by imprisonment is entitled to have an attorney appointed to represent him or her. Article 26.04. An attorney appointed to represent such an indigent defendant shall represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is relieved of his duties by the court or is replaced by another attorney. Id. In addition to the foregoing provisions, the Code of Criminal Procedure specifically provides that an eligible indigent defendant is entitled to have the trial court appoint an attorney to represent him or her in an appeal to a court of appeals. Article 1.051(d)(1).

The Legislature has mandated that appellant is entitled to appointed counsel for appeal if he is indigent and desires to prosecute his appeal. Id. Appellant is entitled to have previously-appointed trial counsel continue to represent him, unless that counsel has been relieved of his duties by the trial court, or has been replaced by another attorney. Article 26.04; Perez, 4 S.W.3d at 307. The record before us has no evidence of either such occurrence having taken place. In any event, unless either (1) appellant does not wish to prosecute his appeal, (2) is not indigent, or (3) has another counsel representing him on appeal, the Legislature has mandated that he is entitled to appointed counsel on this appeal.

Accordingly, this appeal is abated and the cause is remanded to the trial court. TEX. R. APP. P. 43.6. The trial court is directed to assure that if appellant is indigent and desires to prosecute this appeal, (1) appointed counsel is provided to represent appellant on appeal to the Court of Appeals (either previously-appointed, or newly-appointed), and (2) appellant is provided a free transcription of the plea proceedings, if the proceedings were recorded despite appellant's waiver of a court reporter. See Perez, 4 S.W.3d at 307. The trial court should cause the clerk of this court to be furnished the name, address, and State Bar of Texas identification number of the attorney to be representing appellant.

Upon remand, the judge of the trial court is directed to cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, then whether appellant is indigent; (3) if appellant is indigent and desires to prosecute this appeal, whether a reporter's record

6

was made of the plea proceedings, and if so, whether any reason exists to justify not providing a free transcription to appellant; (4) if appellant is indigent and desires to prosecute this appeal, whether appellant's previously-appointed counsel has been or should be replaced and different counsel for appeal appointed; (5) if appellant is indigent and appellant's previously-appointed counsel has not been replaced and is appropriate counsel to represent appellant as appeal counsel, then what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal, or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued.

The trial court is further directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law and recommendations, and cause them to be included in a supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and included in a reporter's record of the hearing; and (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the reporter's record of the hearing. In the absence of a request for extension of time from the trial court, the supplemental clerk's record, reporter's record of the hearing, and any additional proceeding records, including any orders, findings, conclusions and recommendations, are to be sent so as to be received by the clerk of this court not later than February 5, 2001.

Per Curiam

7

Publish.