NO. 07-01-0267-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JULY 17, 2001



______________________________




STEVE D. MCNEAL, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 99-431348; HONORABLE JIM B. DARNELL, JUDGE



_______________________________



Before BOYD, C.J., and QUINN and REAVIS, JJ.

 Appellant Steve D. McNeal attempts to appeal from his conviction of assault on a
public servant and the resulting sentence of confinement for five years in the Institutional
Division of the Department of Criminal Justice. Appellant filed a general pro se notice of
appeal on June 27, 2001, and a motion to have counsel appointed for him on the same
date. While we have not yet received the clerk's record in this case, we have been
provided with a certified copy of an order entered by the trial court on July 5, 2001, stating
that the sentence was based on a plea bargain agreement which precluded the right to
appeal. The trial court thus denied the notice of appeal and the motion for appointment
of counsel. 

 In a criminal case, a notice of appeal may be perfected by giving notice in writing
and filing it with the court clerk. Tex. R. App. P. 25.2(b)(1). However, if the appeal is from
a judgment rendered on a plea of guilty or nolo contendere and the punishment assessed
did not exceed that recommended by the prosecutor, the notice must "(A) specify that the
appeal is for a jurisdictional defect; (B) specify that the substance of the appeal was raised
by written motion and ruled on before trial; or (C) state that the trial court granted
permission to appeal." Tex. R. App. P. 25.2(b)(3). As already noted, the trial court has
denied permission to appeal, and appellant has filed only a general notice of appeal. 

 However, even if we accept as true the statement in the trial court's order that the
sentence was based upon a plea bargain agreement which precluded a right to appeal,
denying permission to appeal by the trial court does not foreclose all possible issues that
could be raised on appeal. Perez v. State, 4 S.W.3d 305, 306 (Tex.App.--Houston [1st
Dist.] 1999, no pet.). In Perez, appointed counsel filed a general notice of appeal and then
sent the court a letter stating he should no longer be considered as counsel of record
because the court had denied permission to appeal to a defendant who accepted a plea
bargain. The court then issued an oral order contradicting its prior order appointing
appellate counsel. Although the court of appeals declined to say what merit any issue
might have in the appeal or how the court might rule, it noted that an amended notice of
appeal could be filed any time before an appellant's brief was filed and opined that the
defendant was entitled to appointed counsel on appeal. Id. at 307. Since we have no
record before us at this time, we likewise can neither speculate as to the merit of any
issues appellant may raise on appeal, nor is it for us to determine what jurisdictional issues
appellant should raise or what arguments may support those issues. However, we believe
appellant is entitled to appointed counsel if indigent. 

 Therefore, this appeal is abated and remanded to the 364th District Court of
Lubbock County for a hearing to determine if counsel should be appointed for appellant. 
Upon remand, the judge of the trial court shall immediately cause notice to be given and
conduct a hearing to determine:

 1. Whether appellant wishes to pursue his appeal.


 2. If appellant does wish to pursue his appeal, whether he is presently
indigent and, if so, whether counsel should be appointed to represent him.


 3. If it be determined that an attorney should be appointed, the name,
address, and State Bar of Texas identification number of the attorney
appointed.


 4. If any other orders are necessary to ensure the proper and timely pursuit
of appellant's appeal. 


In support of its determination, the trial court will prepare and file written findings of fact
and conclusions of law and cause them to be included in a supplemental clerk's record. 
The hearing proceedings shall be transcribed and included in a supplemental reporter's
record. The supplemental clerk's and reporter's records shall be submitted to this clerk
no later than August 17, 2001. 

 It is so ordered. 

 Per Curiam

Do not publish.



, 323 (Tex.Crim.App. 1984).

 In analyzing the first part of the argument made by the State, "If he uses or shows
this, and he did. He did. That's undisputed" it is apparent that, rather than referring to
the failure of appellant to testify, the statement is a reaffirmation of the State's position that
the evidence before the jury clearly shows that a deadly weapon was used during the
commission of the aggravated sexual assault. The State's argument that use of a deadly
weapon was undisputed does not directly allude to appellant's right not to testify. See
Fuentes, 991 S.W.2d at 275. Appellant can and did attack the State's allegation of the use
of a deadly weapon by contending that the injuries were inconsistent with the use of force,
without appellant being required to testify. It cannot be said that the statement by the State
was manifestly intended to be or that it was of such a character that the jury would
necessarily and naturally take it as a comment on the accused's failure to testify. Id. In
addition, the comments of the State about the DNA being undisputed are born out in the
stipulation signed by appellant. (1) This argument can not be said to have been manifestly
intended to necessarily or naturally be taken as a comment on the appellant's failure to
testify. Id. Accordingly, appellant's issue on the State commenting on appellant's failure
to testify is overruled. 

Ineffective assistance of counsel


 Next, appellant contends that his trial counsel was ineffective in ten issues covering
four general areas of the trial. (2) Appellant alleges counsel was ineffective because counsel
failed to: 1) request a continuance; 2) object to evidence seized pursuant to a search
warrant; 3) preserve voir dire error; and, 4) effectively represent him by, what appellant
styles as ineffective assistance, cumulative effect.

 When confronted with an ineffective assistance of counsel claim, we apply the
two-pronged analysis set forth by the United States Supreme Court in Strickland v.
Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Hernandez v.
State, 726 S.W.2d 53, 57 (Tex.Crim.App.1986) (adopting Strickland as applicable standard
under Texas Constitution).

 Under the first prong of the Strickland test, an appellant must show that counsel's
performance was deficient. Strickland, 466 U.S. at 687. "This requires showing that
counsel made errors so serious that counsel was not functioning as the 'counsel'
guaranteed the defendant by the Sixth Amendment." Id. To be successful in this regard,
an appellant "must show that counsel's representation fell below an objective standard of
reasonableness." Id. at 688. Under the second prong, an appellant must show that the
deficient performance prejudiced the defense. Id. at 687. The appropriate standard for
judging prejudice requires an appellant to "show that there is a reasonable probability that,
but for counsel's unprofessional errors, the result of the proceeding would have been
different." Id. at 694 "A reasonable probability is a probability sufficient to undermine
confidence in the outcome." Id. Appellant must prove both prongs of Strickland by a
preponderance of the evidence in order to prevail. Tong v. State, 25 S.W.3d 707, 712
(Tex.Crim.App. 2000). Appellate review of counsel's representation is highly deferential
and presumes counsel's actions fell within the wide range of reasonableness and
professional assistance. Bone v. State, 77 S.W.3d 828, 833 (Tex.Crim.App. 2002). 

 Any allegation of ineffective assistance of counsel must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged ineffectiveness. Id. at
835. Failure to make the required showing of either deficient performance or sufficient
prejudice defeats the ineffectiveness claim. Strickland, 466 U.S. at 700. Appellate courts
look to the totality of the representation and the particular circumstances of each case in
evaluating the effectiveness of counsel. Ex parte Nailor, 149 S.W.3d 125, 130
(Tex.Crim.App. 2004). 

 Normally the record on direct appeal is not sufficiently developed to show that trial
counsel's representation was so deficient and so lacking in tactical or strategic decision
making as to overcome the presumption of reasonableness and professional assistance.
See Bone, 77 S.W.3d at 833. A petition for writ of habeas corpus usually is the
appropriate vehicle to investigate ineffective assistance claims. Id. Having set out the
standard of review with respect to claims of ineffective assistance of counsel, we now
review each of appellant's issues.

Failure to request a continuance and subpoena medical records


 Appellant contends that trial counsel's failure to request a continuance to subpoena
medical records is an act of ineffective assistance of counsel warranting reversal. Prior to
beginning jury voir dire, trial counsel indicated that appellant wished to make a statement
to the court. During the statement, which contained a litany of complaints against his trial
counsel, appellant stated one of the acts that had not been done ". . . had to do with
medical reports that can prove that someone lied. The other had to do with a medical
report that will prove the size of me having a hernia because of the nature of this case." 
To support his position, appellant directs this court to a statement by counsel wherein
appellant alleges that trial counsel confessed error. When read in context, appellant's trial
counsel agrees that appellant had sent him the requests to subpoena the medical records
but not that the records were germane, relevant or dispositive of any issue to be tried. 
Without any support in the record, we are asked to presume that the requested records
support the unsworn statement by appellant. Even the unsworn statement by appellant
does not demonstrate the relevance or necessity for the medical records. Rather, all we
have is a conclusory statement by appellant that the records are necessary. We are
further asked to assume that trial counsel had no tactical or strategic reason for not
subpoenaing the requested records. However, it is appellant's burden to show that the
failure of trial counsel to subpoena the records was deficient conduct. Strickland, 466 U.S.
at 687. Additionally, appellant has not shown that the alleged ineffective assistance by trial
counsel was of the nature as to undermine the confidence of this court in the jury's verdict.
Id. at 694. Inasmuch as we cannot presume ineffective assistance of counsel for failure
to subpoena the referenced medical records, we also cannot find counsel ineffective for
failing to request a continuance to subpoena those same medical records. 

Search Warrant


 Next, appellant contends he was denied effective assistance of counsel because
trial counsel did not attack the search warrant and did not make the search warrant and
accompanying affidavit part of the appellate record. Appellant admits that trial counsel filed
fourteen pre-trial motions but contends that counsel did not contest the validity of the
search warrant. This admission is an indicia that trial counsel had prepared his case for
trial. Further, the record indicates, through the cross-examination conducted by trial
counsel and the final arguments of counsel, that the defensive theory of the case was that
the sexual contact was consensual. The record further supports this defensive theory by
including a stipulation by appellant and his counsel wherein the results of the DNA testing
were admitted into evidence. In this situation, we cannot presume ineffectiveness absent
a showing that voluntary consent was not the defensive theory or that voluntary consent
was not a valid tactical or strategic decision. See Bone, 77 S.W.3d at 833. We defer to
the decisions of the trial counsel and will indulge in the presumption that counsel's actions
fell within the wide range of reasonable and professional assistance. Id. As the Texas
Court of Criminal Appeals noted in Thompson v. State, 9 S.W.3d 808, 813-14
(Tex.Crim.App. 1999), "[T]he reasonableness of counsel's choices often involves facts that
do not appear in the appellate record." Such is the case here; accordingly a petition for
writ of habeas corpus is the more appropriate way to explore this issue. Id. Based on the
record before us, we cannot and will not presume counsel ineffective for failing to contest
the search warrant and not including the same in the appellate record.

Failure to preserve voir dire error


 Appellant further contends that trial counsel was ineffective for his failure to take the
necessary steps to preserve error committed by the trial court in denying challenges for
cause as to three prospective jurors. To support his position, appellant correctly sets forth
the steps required to preserve error in the denial of challenges for cause. Martinez v.
State, 17 S.W.3d 677, 682 (Tex.Crim.App. 2000). Appellant concludes his argument by
stating that there can be no possible trial strategy for trial counsel's failure to take the steps
set forth in Martinez. 

 In reviewing allegations of ineffective assistance during voir dire, the Texas Court
of Criminal Appeals has consistently held that counsel should be afforded the opportunity
to explain his actions. See Goodspeed v. State, 187 S.W.3d 390, 394 (Tex.Crim.App.
2005) (counsel addressed jury panel but asked no questions and exercised two
preemptory challenges on jurors previously excused by the trial court); Jackson v. State,
877 S.W.2d 768, 771 (Tex.Crim.App. 1994) (record silent as to why prospective juror was
not challenged). Yet today, we are asked to speculate why trial counsel did not appeal the
denial of the challenges for cause. As stated earlier, any allegation of ineffective
assistance of counsel must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness. Bone, 77S.W.3d at 835. The record
before us does not affirmatively demonstrate trial counsel's deficient performance or that
there is a reasonable probability that the result of the proceeding would have been
different. Tong, 25 S.W.3d at 712. We decline to speculate as to counsel's reasons for
not pursuing the denial of the challenges for cause.

Cumulative effect of ineffective assistance of counsel


 Appellant next contends that the cumulative effect of the various allegations of
ineffective assistance of counsel has resulted in no assistance of counsel. Unlike the
Burdine case referenced by appellant, trial counsel was active in representation of
appellant throughout the trial of the case. Burdine v. Johnson, 262 F.3d 336, 345 (5th Cir.
2001) (counsel who slept during portions of the guilt-innocence phase of the trial is equal
to no counsel at all). The record clearly shows the attempts of counsel to represent
appellant. Appellant has failed in his burden to overcome the presumption that trial
counsel provided reasonable and professional assistance. Bone, 77 S.W.3d at 833.

 We have previously discussed the individual allegations of ineffective counsel and
appellant's failure to demonstrate trial counsel's ineffectiveness. Accordingly, we find that
appellant has failed to prove by a preponderance of the evidence that there was no
plausible professional reason for any of the complained of acts or omissions. See id. at
836. Therefore, we overrule appellant's issue on ineffective assistance of counsel.

Denial of pro se motion for continuance


 Appellant's final contention is that the trial court committed error when it denied his
oral pro se motion for continuance. Initially it is noted that motions for continuance must be
sworn to by persons having personal knowledge of the facts relied upon for the
continuance. Tex. Code Crim. Proc. Ann. art. 29.08 (Vernon 1989). An unsworn oral
motion for continuance preserves nothing for review. Dewberry v. State, 4 S.W.3d 735, 755
(Tex.Crim.App. 1999). Accordingly, we overrule appellant's issue.

Conclusion


 Having overruled appellant's issues, the judgment of the trial court is affirmed.



 Mackey K. Hancock

 Justice





Do not publish. 









 
1. During the trial, appellant's counsel joined by appellant signed a stipulation of
evidence regarding the various DNA tests done on samples collected from the victim and
appellant. The stipulation included a statement that the DNA collected from the oral swab
taken from the victim matched the DNA profile of appellant. The stipulation further
provided that the penile swab taken from appellant contained DNA that matched that of the
victim. Finally, the stipulation concluded that the DNA taken from blood traces found on
appellant's hand matched the DNA of the victim.
2. Appellant also alleges that counsel was ineffective for failure to object to the
State's comment on appellant's failure to testify. Inasmuch as we have determined that
the State's argument was not a comment on the failure of appellant to testify, we need not
address appellant's contention that trial counsel was ineffective for failure to object to the
State's argument. Tex. R. App. P. 47.1