NO. 07-01-0267-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 17, 2001

_____

STEVE D. MCNEAL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 99-431348; HONORABLE JIM B. DARNELL, JUDGE

_____

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Appellant Steve D. McNeal attempts to appeal from his conviction of assault on a public servant and the resulting sentence of confinement for five years in the Institutional Division of the Department of Criminal Justice. Appellant filed a general pro se notice of appeal on June 27, 2001, and a motion to have counsel appointed for him on the same date. While we have not yet received the clerk's record in this case, we have been provided with a certified copy of an order entered by the trial court on July 5, 2001, stating that the sentence was based on a plea bargain agreement which precluded the right to

appeal.  The trial court thus denied the notice of appeal and the motion for appointment of counsel.

In a criminal case, a notice of appeal may be perfected by giving notice in writing and filing it with the court clerk.  Tex. R. App. P. 25.2(b)(1).  However, if the appeal is from a judgment rendered on a plea of guilty or nolo contendere and the punishment assessed did not exceed that recommended by the prosecutor, the notice must "(A) specify that the appeal is for a jurisdictional defect; (B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or (C) state that the trial court granted permission to appeal."  Tex. R. App. P. 25.2(b)(3).  As already noted, the trial court has denied permission to appeal, and appellant has filed only a general notice of appeal.

However, even if we accept as true the statement in the trial court's order that the sentence was based upon a plea bargain agreement which precluded a right to appeal, denying permission to appeal by the trial court does not foreclose all possible issues that could be raised on appeal.  *Perez v. State*, 4 S.W.3d 305, 306 (Tex.App.--Houston [1st Dist.] 1999, no pet.).  In *Perez,* appointed counsel filed a general notice of appeal and then sent the court a letter stating he should no longer be considered as counsel of record because the court had denied permission to appeal to a defendant who accepted a plea bargain.  The court then issued an oral order contradicting its prior order appointing appellate counsel.  Although the court of appeals declined to say what merit any issue might have in the appeal or how the court might rule, it noted that an amended notice of appeal could be filed any time before an appellant's brief was filed and opined that the defendant was entitled to appointed counsel on appeal.  *Id.* at 307.  Since we have no

2

record before us at this time, we likewise can neither speculate as to the merit of any issues appellant may raise on appeal, nor is it for us to determine what jurisdictional issues appellant should raise or what arguments may support those issues. However, we believe appellant is entitled to appointed counsel if indigent.

Therefore, this appeal is abated and remanded to the 364th District Court of Lubbock County for a hearing to determine if counsel should be appointed for appellant. Upon remand, the judge of the trial court shall immediately cause notice to be given  and conduct a hearing to determine:

1.  Whether appellant wishes to pursue his appeal.

2.  If appellant does wish to pursue his appeal, whether he is presently indigent and, if so, whether counsel should be appointed to represent him.

3.  If it be determined that an attorney should be appointed, the name, address, and State Bar of Texas identification number of the attorney appointed.

4.  If any other orders are necessary to ensure the proper and timely pursuit of appellant's appeal.

In support of its determination, the trial court will prepare and file written findings of fact and conclusions of law and cause them to be included in a supplemental clerk's record. The hearing proceedings shall be transcribed and included in a supplemental reporter's record. The supplemental clerk's and reporter's records shall be submitted to this clerk no later than August 17, 2001.

It is so ordered.

Per Curiam

Do not publish.