NO. 07-01-228-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 19, 2001
_____

ANN MARIE LUSTGRAAF,

Appellant

V.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 41557-C; HON. PATRICK PIRTLE, PRESIDING
_____

***Abate and Remand***
_____

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Ann Marie Lustgraaf (appellant) attempts to appeal from a judgment under which she was convicted of possession of a controlled substance. The judgment was entered pursuant to her guilty plea and plea bargain with the State. Furthermore, the trial court's decision and sentence comported with the terms of the plea bargain. Appellant filed a general pro se notice of appeal along with an affidavit of indigency wherein she requested that counsel be appointed for her on appeal. The clerk's record was filed on June 22,

2001. On July 12, 2001, the trial court notified this court that it was in the opinion that "the defendant [was] not entitled to an indigent Reporter's Record or a court appointed attorney." So too did the trial court attach to its letter a copy of an order denying defendant's request for a reporter's record and for appointment of counsel along with a copy of a letter sent to appellant advising her of the trial court's orders. The trial court's reasoning stated in its order was because appellant failed to file a notice of appeal complying with Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure.

Because appellant had pled guilty and the trial court had followed the plea agreement, appellant was obligated to file a notice of appeal comporting with Texas Rule of Appellate Procedure 25.2(b)(3). In other words, the notice of appeal had to state that 1) the appeal involved jurisdictional defects, 2) the substance of the appeal was raised by written motion which the court ruled on before trial, or 3) the court granted permission to appeal.

As previously stated, appellant filed a general notice of appeal in this case. However, an amended notice of appeal correcting a defect or omission may be filed in this Court at any time before appellant's brief is filed. TEX. R. APP. P. 25.2(d); *see also Perez v. State,* 4 S.W.3d 305, 306 (Tex.App.--Houston [1st Dist.] 1997, pet. ref'd). An amended notice of appeal could confer upon this Court jurisdiction to consider matters notwithstanding the trial court's denial of permission to appeal. Because we lack the reporter's record, we can neither speculate as to the merit of any issues appellant may raise on appeal, nor is it for us to determine what jurisdictional issues appellant should raise or what arguments may support those issues. However, we believe appellant is entitled to a free reporter's record and appointed counsel if indigent.

Therefore, this appeal is abated and remanded to the 251st District Court of Potter County (trial court) for a hearing to determine if counsel should be appointed for appellant. Upon remand, the judge of the trial court shall immediately cause notice to be given and conduct a hearing to determine:

1. Whether appellant wishes to pursue her appeal;

2. If appellant does wish to pursue her appeal, whether she is presently indigent, and, if so, whether she is entitled to court appointed counsel to represent her in this appeal and to a free reporter's record;

The trial court shall cause the hearing to be transcribed. Should it be determined appellant is indigent and entitled to appointed counsel, the trial court shall appoint counsel to prosecute this appeal. Furthermore, the trial court shall issue findings of fact and conclusions of law addressing the matter of appellant's indigency and, if indigent, disclosing the name, state bar number, address, phone number, and telefax number of the newly appointed counsel. The trial court shall cause the aforementioned issues to be included in a supplemental clerk's record to be filed along with the transcription of the hearing with the Clerk of this Court by August 20, 2001. Should further time be needed by the trial court to perform these tasks, then same must be requested before August 20, 2001.

Per Curiam

Do not publish.