NO. 07-03-0383-CR


 07-03-0384-CR

 07-03-0385-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 30, 2003



______________________________




DAVID MATTHEW LAYTON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NO. 34,435-C, 34,436-C, 34,437-C; HONORABLE PATRICK PIRTLE, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

ORDER


 We withdraw our prior order of abatement and remand, and enter this order in its
place. 

 Appellant David Matthew Layton appeals from three convictions and sentences in
the 251st District Court of Potter County, Texas (the trial court). 

 Appellant has, acting pro se, filed motions seeking his appointed appellate
counsel's withdrawal and leave to appear on appeal pro se. In the motions, appellant
alleges that he and his attorney cannot agree on the issues to be presented for appellate
review. Additionally, appellant has filed a copy of a letter directed to his counsel
containing demands that counsel withdraw, and threatening to file a grievance with the
State Bar of Texas against his attorney if the attorney does not withdraw. 

 Appellant does not have a right to file documents pro se while being represented
by counsel. See Landers v. State, 550 S.W.2d 272, 279-80 (Tex.Crim.App. 1977). Nor
does an indigent have the right to choose which counsel the court will appoint to represent
him or her. See Buntion v. Harmon, 827 S.W.2d 945, 949 (Tex.Crim.App. 1992); Malcom
v. State, 628 S.W.2d 790, 791 (Tex.Crim.App. 1982). Once the court has appointed an
attorney to represent an indigent, the attorney has the obligation to represent the
defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted,
or the attorney is relieved of his duties by the court or is replaced by another attorney. See
Olvera v. State, 96 S.W.3d 316, 319 (Tex.App.-Amarillo 2000). If an indigent is displeased
with appointed counsel, he must bring the matter to the court's attention. Thereupon, the
defendant carries the burden of proving that he is entitled to a change of counsel. Id. The
Court of Criminal Appeals has historically affirmed the trial judge's decisions in refusing
defendants' motions to dismiss their court-appointed counsel. Id.

 Because of the seriousness of appellant's allegations and threats to counsel
appointed by the trial court, pursuant to Tex. R. App. P. 2 , these appeals are abated and
the causes are remanded to the trial court. Upon remand, the judge of the trial court is
directed to cause notice to be given of and to conduct a hearing to determine whether
appellant has made a knowing and voluntary decision to waive his right to counsel and to
represent himself on appeal. If the trial court determines that appellant has made a
knowing, voluntary decision to waive his right to counsel and to represent himself on
appeal, then the trial court should discharge appellate counsel from any further obligations
to appellant. If the trial court determines that appellant has not made a knowing, voluntary
decision to represent himself on appeal, then the trial court should enter orders and make
recommendations appropriate to continued prosecution of appellant's appeals based on
the evidence presented at the hearing, and on its findings and conclusions therefrom. 

 The trial court is directed to: (1) conduct any necessary hearings; (2) make and file
appropriate findings of fact, conclusions of law and recommendations, and cause them to
be included in a supplemental clerk's record; (3) enter any orders appropriate, based on
its findings and conclusions; (4) cause the hearing proceedings to be transcribed and
included in a reporter's record; and (5) have a record of the proceedings made to the
extent any of the proceedings are not included in the supplemental clerk's record or the
reporter's record. In the absence of a request for extension of time from the trial court, the
supplemental clerk's record, reporter's record, and any additional proceeding records,
including any orders, findings, conclusions and recommendations, are to be sent so as to
be received by the clerk of this court not later than November 14, 2003. 

 Per Curiam

Do not publish.



tyle="text-align: justify; line-height: 0.416667in">          Pending before the court is appellant’s motion for rehearing. We grant the motion
for rehearing, withdraw the original opinion and judgment issued on March 24, 2009, and
substitute this opinion for the one we previously issued.
          Aaron R. Dial appeals a judgment revoking his probation and sentencing him to two
years confinement in a state jail facility for the offense of possession of a controlled
substance. Through two complaints, he apparently argues that 1) the trial court erred in
failing to conduct an investigation into whether his plea of guilty to the original offense was
voluntary, and 2) the trial court relied upon illegally obtained evidence in finding that
appellant failed to identify himself to a police officer. We affirm the judgment. 
          Issue One – Investigating Voluntariness of Guilty Plea
          In a rather rambling discourse, appellant complains about the voluntariness of his
guilty plea which resulted in the trial court’s decision to revoke his community supervision. 
We are unsure of whether he contends that the plea was involuntary, that he should have
been entitled to withdraw his plea, or that the trial court failed to inquire into the
voluntariness of his prior plea at the subsequent revocation hearing.


 If it is the first, then
we cannot consider the dispute via an appeal from an order revoking his community
supervision. Jordan v. State, 54 S.W.3d 783 (Tex. Crim. App. 2001) (affirming the
appellate court’s refusal to entertain claims regarding the voluntariness of the appellant’s
guilty plea because those claims should have been raised in an appeal from the imposition
of community supervision).
          If it is the second, then the claim was not preserved for appellant did not request
leave to withdraw his plea from the trial court. The Court of Criminal Appeals required as
much in Mendez v. State, 138 S.W.3d 334, 350 (Tex. Crim. App. 2004). 
          If it is the third, appellant’s receipt of the statutory admonishments was prima facie
evidence that his plea was knowing and voluntary.


 See Brown v. State, 11 S.W.3d 360,
362 (Tex. App.–Houston [1st Dist.] 2000, pet. ref’d) (holding that the receipt of statutory
admonishments is prima facie evidence that the plea is knowing and voluntary). Moreover,
without citation to either evidence or authority suggesting that one’s ingestion of cocaine
alone impairs his ability to think rationally, perceive the circumstances before him or
understand the consequences of his actions, we hesitate to impose on a trial judge the
duty contemplated by appellant. See Villareal v. State, 860 S.W.2d 529, 533 (Tex. App.
–Corpus Christi 1993, pet. ref’d) (stating the trial court had no duty to sua sponte examine
retrospectively the voluntariness of the defendant’s guilty plea even though he was found
incompetent at the adjudication hearing). 
          Issue 2 - Illegal Detention
          Via his second issue, appellant attacks the trial court’s finding that he failed to
identify himself. Purportedly, the evidence upon which the trial court relied was acquired
through an illegal detention. Be that as it may, we do not see how that changes the validity
of the decision to revoke. Appellant’s failing to identify himself was only one of many
grounds alleged by the State in support of its motion. Moreover, appellant pled true to at
least two grounds the validity of which had nothing to do with his misidentifying himself to
a police officer. So, even if we were to accept appellant’s protestations about the
supposed illegal detention and ignore that finding as a ground supporting revocation,
nothing would change. Simply put, the decision to revoke is supported by the other
findings about which he utters no complaint. Moore v. State, 605 S.W.2d 924, 926 (Tex.
Crim. App. 1980) (stating that only one ground can justify the trial court’s decision to revoke
community supervision).
          Accordingly, we overrule each issue and affirm the judgment.
 
                                                                           Brian Quinn 
                                                                          Chief Justice
Publish.