NO. 07-03-0383-CR


 07-03-0384-CR

 07-03-0385-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 30, 2003



______________________________




DAVID MATTHEW LAYTON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NO. 34,435-C, 34,436-C, 34,437-C; HONORABLE PATRICK PIRTLE, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

ORDER


 We withdraw our prior order of abatement and remand, and enter this order in its
place. 

 Appellant David Matthew Layton appeals from three convictions and sentences in
the 251st District Court of Potter County, Texas (the trial court). 

 Appellant has, acting pro se, filed motions seeking his appointed appellate
counsel's withdrawal and leave to appear on appeal pro se. In the motions, appellant
alleges that he and his attorney cannot agree on the issues to be presented for appellate
review. Additionally, appellant has filed a copy of a letter directed to his counsel
containing demands that counsel withdraw, and threatening to file a grievance with the
State Bar of Texas against his attorney if the attorney does not withdraw. 

 Appellant does not have a right to file documents pro se while being represented
by counsel. See Landers v. State, 550 S.W.2d 272, 279-80 (Tex.Crim.App. 1977). Nor
does an indigent have the right to choose which counsel the court will appoint to represent
him or her. See Buntion v. Harmon, 827 S.W.2d 945, 949 (Tex.Crim.App. 1992); Malcom
v. State, 628 S.W.2d 790, 791 (Tex.Crim.App. 1982). Once the court has appointed an
attorney to represent an indigent, the attorney has the obligation to represent the
defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted,
or the attorney is relieved of his duties by the court or is replaced by another attorney. See
Olvera v. State, 96 S.W.3d 316, 319 (Tex.App.-Amarillo 2000). If an indigent is displeased
with appointed counsel, he must bring the matter to the court's attention. Thereupon, the
defendant carries the burden of proving that he is entitled to a change of counsel. Id. The
Court of Criminal Appeals has historically affirmed the trial judge's decisions in refusing
defendants' motions to dismiss their court-appointed counsel. Id.

 Because of the seriousness of appellant's allegations and threats to counsel
appointed by the trial court, pursuant to Tex. R. App. P. 2 , these appeals are abated and
the causes are remanded to the trial court. Upon remand, the judge of the trial court is
directed to cause notice to be given of and to conduct a hearing to determine whether
appellant has made a knowing and voluntary decision to waive his right to counsel and to
represent himself on appeal. If the trial court determines that appellant has made a
knowing, voluntary decision to waive his right to counsel and to represent himself on
appeal, then the trial court should discharge appellate counsel from any further obligations
to appellant. If the trial court determines that appellant has not made a knowing, voluntary
decision to represent himself on appeal, then the trial court should enter orders and make
recommendations appropriate to continued prosecution of appellant's appeals based on
the evidence presented at the hearing, and on its findings and conclusions therefrom. 

 The trial court is directed to: (1) conduct any necessary hearings; (2) make and file
appropriate findings of fact, conclusions of law and recommendations, and cause them to
be included in a supplemental clerk's record; (3) enter any orders appropriate, based on
its findings and conclusions; (4) cause the hearing proceedings to be transcribed and
included in a reporter's record; and (5) have a record of the proceedings made to the
extent any of the proceedings are not included in the supplemental clerk's record or the
reporter's record. In the absence of a request for extension of time from the trial court, the
supplemental clerk's record, reporter's record, and any additional proceeding records,
including any orders, findings, conclusions and recommendations, are to be sent so as to
be received by the clerk of this court not later than November 14, 2003. 

 Per Curiam

Do not publish.



n="false"
 UnhideWhenUsed="false" Name="Medium List 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0482-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL D

 

FEBRUARY 25, 2011

 

______________________________

 

 

CHANCE W. FARNSWORTH, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM THE 47TH DISTRICT COURT OF RANDALL
COUNTY;

 

NO. 15,407-A; HONORABLE DAN SCHAAP, JUDGE

 

_______________________________

 

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

MEMORANDUM OPINION

            Appellant, Chance W. Farnsworth,
filed a notice of appeal challenging an order entered by the trial court
authorizing withdrawal of funds from his inmate account for costs expended in
the prosecution of a case for aggravated kidnapping, enhanced, in 2004.  By letter from this Court dated January 4, 2011, Appellant was notified that neither the required
filing fee of $175 nor an affidavit of indigence in compliance with Rule
20.1(c) of the Texas Rules of Appellate Procedure had been provided.  Appellant was admonished that failure to
comply on or before February 3, 2011, might result in dismissal of his
appeal.  Tex. R. App. P.
42.3(c).  Appellant did not
respond to this Court's notice.  Neither
did he pay the required filing fee or file an affidavit of indigence.

            Accordingly, this appeal
is dismissed, without prejudice, for failure to comply with an order from this
Court.

 

                                                                                    Patrick A. Pirtle

                                                                                          Justice