## Ex parte Curtis TOWNSEND.

### No. 52480.

Court of Criminal Appeals of Texas.

July 7, 1976.

Duncan F. Wilson, Austin, for appellant.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

### OPINION

DALLY, Commissioner.

This is a post conviction writ of habeas corpus proceeding. See Article 11.07, V.A.C.C.P.

The petitioner, who was convicted for the offense of felony theft, asserts that he has been denied the right of appeal. The question presented is whether a defendant is bound by his agreement to waive appeal when the agreement is made prior to trial.

The trial court heard the petitioner's application for writ of habeas corpus on May 10, 1976. There are no findings of fact, conclusions of law, or recommendations concerning granting or denial of relief.

The documents introduced in evidence at the habeas corpus hearing include the Indictment, Judgment, Sentence, Defendant's Plea of Guilty, Waiver, Stipulation and Judicial Confession, Notice of Appeal, and Order Denying Notice of Appeal.

The petitioner, on March 17, 1976, before entering the plea of guilty agreed in writing that:

"I further understand that in the event I am convicted I have the legal right of appeal to the Court of Criminal Appeals of Texas, and also the right to be represented on appeal by an attorney of my choice or if I am too poor to pay for such attorney or the record on appeal, the Court will, without expense to me provide an attorney and a proper record for such an appeal, but after consulting with my attorney I voluntarily and knowingly and intelligently, waive my right to appeal, except for any good cause which I may show to the court in a motion for new trial."

Judgment was entered on March 17, 1976; on April 1, 1976, punishment was assessed

and sentence pronounced. On April 9th, written notice of appeal was filed and the court entered the "Order Denying Defendant's Notice of Appeal."

In *Smith v. State*, 440 S.W.2d 843 (Tex. Cr.App.1969), the defendant had entered into a pretrial agreement to waive the filing of a motion for new trial. Presiding Judge Woodley, in writing for the Court, said:

"We express the view that a defendant should not be deprived of the opportunity to file a motion for new trial by reason of a waiver filed prior to the trial and at a time when he could not know whether he would desire or have reason or ground for seeking a new trial."

More recently in *Ex parte Dickey*, Tex. Cr.App., (No. 51,405, delivered May 4, 1976), it was said:

"The instrument filed prior to trial mentioned by the court's findings is not in the record before us, but even if it was, the procedure of requiring a defendant to waive the right of appeal prior to trial should be condemned. At this point the right has not yet matured, the defendant has no way of knowing with certainty the punishment that will be assessed and cannot anticipate the errors that may occur during the trial. Surely a waiver of appeal under such circumstances cannot be knowingly and intelligently made. Under such procedure the waiver of the right of appeal, as well as waiver of motion for new trial, etc., becomes an integral part of the plea bargaining procedure, and the defendant is put in the position of fearing that if he does not waive such rights it may affect the punishment assessed or result in a denial of his motion for probation, if any."

■ We hold as a matter of law that a waiver of right of appeal made prior to trial cannot for the reasons stated in the quoted portions of the opinions of *Smith* and *Dickey* be made knowingly and intelligently. Such a waiver is therefore not binding on a defendant.

The appellant's notice of appeal was timely. See Article 44.08, V.A.C.C.P.

■ Since the petitioner's appeal has now been delayed, he should be permitted pursuant to the provisions of Article 40.09, V.A.C.C.P. to perfect his appeal as if notice of appeal were timely filed on the date the mandate was issued by this Court in this proceeding.

It is so ordered.

Opinion approved by the Court.