Robert Vincent **BUSHNELL**,
III, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 14–96–00821–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

April 9, 1998.

Discretionary Review Refused
Sept. 16, 1998.

Dan Hennigan, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before MURPHY, C.J., and HUDSON and FOWLER, JJ.

## OPINION

HUDSON, Justice.

Appellant, Robert Vincent Bushnell, III, was convicted by a jury of the offense of robbery. His punishment was assessed at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of five years and a $150 fine. In one point of error, Bushnell contends the trial court erred in overruling his motion for instructed verdict. The State requests that the appeal be dismissed because Bushnell waived his right to appeal. We agree.

Bushnell elected to have the jury assess his punishment, and after the jury returned a guilty verdict, the court took a short recess to prepare the punishment charge. Before the trial resumed, however, the parties reached an agreement regarding punishment. Bushnell waived his right to a jury and asked the court to assess punishment in accordance with the agreement he had worked out with the State. The prosecutor outlined the agreement for the court, Bushnell confirmed the terms of the agreement,

and the court imposed punishment in accordance therewith:

MS. WEBB [State's attorney]: In exchange for the defense's agreement not to appeal, the State recommends probation, five years, fine, 350 hours of community service and random urinalysis throughout the term of probation, $150 fine.

THE COURT: How many community service hours?

MS. WEBB: 350.

THE COURT: Okay. Then—was that your agreement, Mr. Bushnell?

THE DEFENDANT: Yes, ma'am, it was.

THE COURT: You understand when I follow that agreement you're not going to be able to appeal this cause?

DEFENDANT: Yes, ma'am.

THE COURT: Then, Mr. Bushnell, the jury having found you guilty of robbery, it now becomes my duty, because you've elected to have me go forward with it, to assess the punishment in this case, and I will assess your punishment at five years in the Institutional Division to be probated for five years, $150 fine, 350 hours of community service, random urinalysis and $50 to Crime Stoppers.

\* \* \*

Anything further, Mr. Hennigan?

MR HENNIGAN [appellant's attorney]: Nothing, your Honor.

MS. WEBB: Nothing further from the State, Judge.

At this point, the jury was released.

■ Bushnell contends that his waiver of appeal is not binding for two reasons. First, he argues the trial court did not follow the punishment agreement because it added a $50.00 payment to Crime Stoppers. We do not believe this alters the agreement in a manner that would keep appellant from

knowingly, voluntarily and intelligently waiving his right of appeal. First, the additional payment to Crime Stoppers does not constitute a meaningful departure from the agreement. *See Washington v. McSpadden,* 676 S.W.2d 420 (Tex.Crim.App.1984) (recognizing that a trial judge has discretion to add conditions to the sentence agreed to in a plea bargain); *Grodis v. State,* 921 S.W.2d 502, 504–05 (Tex.App.—Fort Worth 1996, pet. ref'd) (imposing a condition of counseling upheld). "Because a trial court retains continuing jurisdiction over a defendant's probation, it has almost unlimited authority as a matter of law to alter or modify any conditions of probation during the probationary period." *Stevens v. State,* 938 S.W.2d 517, 520 (Tex. App.-Fort Worth 1997, pet. ref'd). Even if the Crime Stoppers payment violated the terms of the agreement, we note that appellant made no objection to the condition nor did he seek to withdraw from the agreement.[1]

■ Bushnell also relies on *Ex Parte Thomas,* 545 S.W.2d 469 (Tex.Crim.App. 1977). In *Thomas,* the Court of Criminal Appeals held that an agreement to waive the right to appeal entered after judgment of conviction but before sentencing is not binding on the defendant.[2] However, *if* the rule in *Thomas* is still viable, we find it has no application under the facts presented here.

The *Thomas* rationale had its genesis at a time when there was no statutory mechanism permitting negotiated pleas. While prosecutors and defense attorneys frequently made plea bargain agreements, a defendant could not withdraw his plea if the trial court refused to follow the prosecutor's recommendation. *See Cruz v. State,* 530 S.W.2d 817, 821 (Tex.Crim.App.1975). Moreover, the court could not accept a plea of guilty if it was influenced "by any consideration of fear, or by any persuasion, or delusive hope of par-

---

1. *See Fielder v. State,* 834 S.W.2d 509, 511 (Tex. App.-Fort Worth 1992, pet. ref'd) (holding that if the judge does not intend to follow the agreement, defendant must be allowed to withdraw his plea).

2. *See also Means v. State,* 552 S.W.2d 166, 167 n. 1 (Tex.Crim.App.1977); *Moss v. State,* 938

S.W.2d 186, 190 (Tex.App.-Austin 1997, pet. ref'd); *Doyle v. State,* 888 S.W.2d 514, 518 (Tex. App.-El Paso 1994, pet. ref'd). A waiver of appeal filed before trial has also been found ineffective. *Ex parte Townsend,* 538 S.W.2d 419 (Tex. Crim.App.1976); *Lerma v. State,* 758 S.W.2d 383, 384 (Tex.App.-Austin 1988, no pet.).

don, prompting him to confess his guilt." [3] Thus, the existence of the plea bargain was often hidden from the trial judge out of concern that knowledge of the agreement might be considered an improper inducement and nix the deal. [4]

Once the defendant entered his plea, he was beyond the "point of no return" and could only hope the trial court would find the State's recommendation agreeable. To enhance his chances of receiving favorable treatment by the trial judge, the defendant would often waive any future right to appeal. [5] The defendant in *Ex parte Dickey*, signed a sworn instrument prior to entering his plea which waived the right to trial by jury, the appearance, confrontation and cross-examination of witnesses, and said that he "knew of and waived his right to file a motion for new trial or in arrest of judgment, as well as his right to appeal his conviction to the Texas Court of Criminal Appeals." 543 S.W.2d 99, 100 (Tex.Crim.App.1976), *overruled by Ex parte Hogan*, 556 S.W.2d 352 (Tex.Crim.App.1977). The court remanded the cause to the trial court to conduct an evidentiary hearing on whether the waiver was knowingly and intelligently made, but expressed its general disapproval of such waivers for the following reasons:

> ... the procedure of requiring a defendant to waive the right of appeal prior to trial should be condemned. At this point the right has not yet matured. The defendant has no way of knowing with certainty the punishment that will be assessed and cannot anticipate the errors that may occur during the trial. Surely a waiver of appeal under such circumstances cannot be knowingly and intelligently made. Under such procedure the waiver of the right of appeal, as well as waiver of motion for new

trial, etc., becomes an integral part of the plea bargaining procedure, and the defendant is put in the position of fearing that if he does not waive such rights it may affect the punishment assessed or result in a denial of his motion for probation, if any.

*Dickey*, 543 S.W.2d at 101.

Relying upon *Dickey*, the defendant in *Bailey v. State* alleged that his written waiver of appeal filed after trial, but before sentencing was "premature and without effect." 543 S.W.2d 653, 655 (Tex.Crim.App.1976). Without discussion or analysis, the Court of Criminal Appeals agreed.

Relying upon *Bailey*, the Court of Criminal Appeals then stated in *Thomas* that "a defendant is not bound by his agreement to waive appeal which is made after judgment of conviction, but before the pronouncement of sentence." *Thomas*, 545 S.W.2d at 470.

Thus, it appears that the rationale for the rule in *Thomas* is based upon the three concerns recited in *Dickey*, i.e., at the time the waiver was made (1) the right to appeal had not yet matured, (2) the defendant had no way of knowing with certainty the punishment that would be assessed, and (3) he could not anticipate the errors that might occur during the plea proceeding. None of these concerns exist here.

When *Thomas* was decided, a premature notice of appeal was ineffective. *See Menasco v. State*, 503 S.W.2d 273, 274 (Tex. Crim.App.1973). It is conceptually difficult to conceive of a waiver of a right which has not yet matured. Hence, this is one of the objections to an early waiver of appeal cited in *Dickey*. In 1986, however, the Court of Criminal Appeals overruled *Menasco* and held that a notice of appeal is effective even

---

3. Act of May 27, 1965, 59 th Leg., R.S., ch. 722, § 1, art. 26.13, 1965 Tex. Gen. Laws 317, 427.

4. In 1975, the Court of Criminal Appeals observed:

   Defendants now commonly deny during an Art. 26.13, V.A.C.C.P., inquiry that any promises have been made that induced a plea of guilty, when in fact the prosecutor has promised to recommend a certain sentence in exchange for the plea. The deceptive denial stems from the fear that the trial court will not

accept the plea if the question is answered truthfully.
*Cruz*, 530 S.W.2d at 821. *See also Gibson v. State*, 532 S.W.2d 69, 75 (Tex.Crim.App.1975) (examining the ethical considerations of both the prosecutor and defense counsel when denying the existence of a plea bargain agreement).

5. *See McFadden v. State*, 544 S.W.2d 159 (Tex. Crim.App.1976) (where the prosecutor and trial judge retaliated against a defendant by failing to honor the full terms of a negotiated plea after the defendant gave notice of appeal).

if given prematurely. *See Panelli v. State,* 709 S.W.2d 655, 657 (Tex.Crim.App.1986).

Moreover, in August of 1977, the law changed with respect to negotiated pleas. Article 26.13 of the Code of Criminal Procedure was amended to require the trial court to "inquire as to the existence of any plea bargain agreements ... inform the defendant whether it will follow or reject such agreement ... [and should] the court reject any such agreement, *the defendant shall be permitted to withdraw his plea.*"[6] Today, a defendant knows that if the court accepts his plea, the punishment assessed against him will be the same punishment he agreed to during the plea negotiations.

Finally, appellant cannot say under the record before us that he was unaware of the errors that might be committed during his trial because he did not waive his right to appeal until the trial had reached its conclusion. The jury had already found appellant guilty and all that remained was the issue of punishment. By agreeing to a fixed punishment, appellant removed any possible source of error which could have arisen during the punishment phase of the trial.

When appellant finally entered into negotiations with the State, he was left with very little bargaining power. The only thing he could offer the State in exchange for a fixed punishment was his right to appeal. Under the facts presented here, the waiver appears to be both knowing and voluntary; we think appellant should be held to his bargain. Accordingly we find appellant's waiver of appeal is valid and dismiss the appeal for want of jurisdiction.

MURPHY, Chief Justice, dissenting.

I dissent from the majority's judgment because I believe *Ex parte Thomas* should control our decision on whether Bushnell waived his right to appeal. *See* 545 S.W.2d 469, 470 (Tex.Crim.App.1977). The holding in *Thomas* was "that a defendant is not bound by his agreement to waive appeal which is made *after judgment of conviction, but before the pronouncement of sentence.*" *Id.* (emphasis added). The situation was the

same as that confronting the court in this case.

As an intermediate court, we are bound to follow the pronouncements of the Texas Court of Criminal Appeals. *See Fontenot v. State,* 932 S.W.2d 185, 194 (Tex.App.—Fort Worth 1996, no pet.). As the majority itself notes, *Ex parte Thomas* has not been overruled and continues to be controlling precedent. *See Moss v. State,* 938 S.W.2d 186, 190 (Tex.App.—Austin 1997, pet. ref'd). Absent a statement or clear expression of legislative intent to overrule the decision in *Thomas,* I believe we are bound to follow the holding in *Thomas* and find that Bushnell has not waived his right to appeal.

---

6. Act of May 13, 1977, 65th Leg., R.S., ch. 280, § 1, 1977 Tex. Gen. Laws 748 (emphasis added).