Affirmed and Majority and Concurring Opinions filed October 24, 2002









Affirmed and Majority and Concurring Opinions filed
October 24, 2002.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NOS. 14-01-01021-CR and

   14-01-01022-CR

____________

 

ANGELA TALBOTT, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 184th District Court

Harris County, Texas

Trial Court Cause Nos. 872,107 and 872,108 

 



 

M A J O R I T Y   O P I
N I O N

Appellant waived a jury trial and pleaded guilty to (1)
intentionally and knowingly causing serious bodily injury to a child, and (2)
injury to a child by failing to seek treatment and medical help.  The trial judge assessed punishment of
eighteen years in the Texas Department of Criminal Justice, Institutional
Division.  In six points of error,
appellant complains that (1) her counsel was ineffective, (2) her plea was
involuntary and unknowingly entered, and (3) the trial court erred in
overruling her motion for new trial.  We
affirm.








FACTUAL BACKGROUND

Appellant has a history of child abuse allegations involving
all three of her children.  When
appellant took her youngest child to a doctor to treat the baby for congestion,
the doctor noticed a large soft spot on the baby’s head and instructed
appellant to take her baby to a hospital for x-rays.  The x-rays confirmed a large fracture on the
right side of the baby’s head, consistent with signs of child abuse.  Suspecting abuse, appellant’s doctor
instructed her to return to the hospital to allow the hospital’s doctors to
examine the child.  At the hospital, the
attending physician ordered a complete x-ray of the child and found further
evidence of past abuse.  As a result,
appellant was charged with physical abuse and the failure to seek timely
medical help for her child’s injuries.[1]  Appellant pleaded guilty to both charges and
elected to have the trial judge assess punishment.  During this same time, a civil suit was
before a family district court to consider the temporary removal of appellant’s
children from her care and, ultimately, to consider the termination of her
parental rights.

DISCUSSION

Appellant raises six points of error.  In her first and second issues, appellant
complains she was denied effective counsel under the United States and the
Texas Constitutions.  Third, she
complains her guilty plea was not made knowingly and voluntarily.  In her fourth and fifth issues, she complains
the trial court erred in overruling her motion for a new trial because she
received ineffective assistance of counsel. 
Finally, appellant argues the trial court erred in overruling her motion
for a new trial because her plea was involuntary.  In response, the State contends appellant
waived her right to appeal.  Because the
State’s issue could be dispositive, we will address it first.








I.          Waiver of
Right to Appeal

For many years, the Court of Criminal Appeals held a
defendant could not waive her right to appeal, either pre-trial or
pre-sentencing.  See Ex parte Townsend,
538 S.W.2d 419, 420 (Tex. Crim. App. 1976); Ex parte Dickey, 543 S.W.2d
99, 101 (Tex. Crim. App. 1976); Ex parte Thomas, 545 S.W.2d 469, 470
(Tex. Crim. App. 1977).  The court gave
three reasons why pre-trial and pre-sentencing waivers must be rejected: (1)
the right to appeal had not yet matured; (2) the defendant had no way of
knowing with certainty what punishment would be assessed; and (3) the defendant
could not anticipate errors that might occur during the plea proceeding.  Bushnell v. State, 975 S.W.2d 641, 643
(Tex. App.CHouston [14th Dist.] 1998, pet. ref=d). 
We discussed at length the rationale behind this line of cases in Bushnell
and Alzarka.  Bushnell,
975 S.W.2d at 643; Alzarka v. State, 60 S.W.3d 203, 204 (Tex. App.CHouston [14th Dist.] 2001, pet.
granted).








Recently, however, courtsCincluding the Court of Criminal
AppealsChave retreated from the blanket
prohibition contained in these cases.  In
Blanco, the Court of Criminal Appeals held that the concerns expressed
in Thomas, Dickey, and Townsend were “less compelling in
cases . . . where the trial court follows the prosecution’s sentencing
recommendation.”  Blanco v. State,
18 S.W.3d 218, 219B20 (Tex. Crim. App. 2000).[2]  The Blanco court also noted one
additional difference between the facts in Blanco and in Thomas:
in Thomas, unlike Blanco, “the defendant did not bargain for a
sentencing recommendation  . . . in exchange for his waiver
of the right to appeal.”  Id. at
220.  This Court extended the Blanco reasoning
to a different plea bargain situation in Alzarka.  Alzarka, 60 S.W.3d at 204B05. 
There, we held that a pre-trial waiver of appeal was binding because the
defendant and the prosecution bargained for a sentencing recommendation in
exchange for the defendant’s waiver of appeal. 
Id. at 205B06.  By this agreement,
the defendant knew with certainty what punishment he would receive if the court
chose to follow the plea.  Id.  And, before the court accepted his plea,
it was required to tell him if it would follow the plea.  In short, the defendant would know if the
court would not give him what he bargained for. 
Tex. Code Crim. Proc. Ann.
art. 26.13(a)(2) (Vernon Supp. 2002).  If
the court did not accept the plea, the defendant could choose to withdraw
it.  Tex.
Code Crim. Proc. Ann. art. 26.13(a)(2).  Thus, we concluded that, when a
defendant entered a negotiated plea with a recommendation for punishment before
trial, a defendant could waive his right to appeal.  Alzarka, 60 S.W.3d at 204B06.

This case, however, is different from Alzarka and from
Blanco.  Here, appellant reached a
plea agreement only as to the number of indictments that would be presented to
the court.  There were four indictments;
the State agreed to dismiss two.  No
agreement was made as to punishment. 
Thus, here, the protection afforded by article 26.13(a)(2)Cwhich requires the trial judge to
tell the defendant if the judge will follow the plea agreementCis insufficient.  Tex.
Code Crim. Proc. Ann. art. 26.13(a)(2). 
Here, even if the judge told appellant she intended to follow the plea
agreement, appellant still would not know what punishment she would be
given.  This dilemma falls squarely
within Thomas and Townsend and the concerns expressed in those
opinions.  Thomas, 545 S.W.2d at
470; Townsend, 538 S.W.2d at 420. 
It also is not the situation found in Blanco.  There a jury had already convicted the
defendant and the only question was punishment. 
Since the defendant knew what his punishment would be if the court
accepted the bargain, the prohibitions of Thomas and Townsend
were Aless compelling.@ 
Blanco, 18 S.W.3d at 219B20.

In short, this case is like Townsend and Thomas.  It is not like Blanco.  Therefore, here, unlike Blanco, the
prohibitions are not “less compelling.” 
We hold that appellant’s waiver of her right to appeal was ineffective
because it was made before trial and without an agreement as to
punishment.  Because appellant did not
waive her right to appeal knowingly and voluntarily, we will address her other
issues.








II.        Ineffective Assistance of Counsel

Both the United States and Texas Constitutions guarantee an
accused the right to effective assistance of counsel.  U.S.
Const. amend. VI; Tex. Const.
art. I, ' 10; see also Tex.
Code Crim. Proc. Ann. art. 1.05 (Vernon 1977).  For counsel to be ineffective at trial,
appellant must show that his counsel’s representation fell below an objective
standard of reasonableness, and that but for counsel’s unprofessional errors,
the result of the proceeding would have been different.  Strickland v. Washington, 466 U.S. 668
(1984); Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). 

Appellant must prove the ineffectiveness of trial counsel by
a preponderance of the evidence.  Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  In doing this, appellant must overcome the
strong presumption that counsel=s conduct is within the wide range of professional
assistance.  Strickland, 466 U.S.
at 688B89; Thompson, 9 S.W.3d at
813.  A claim of ineffective assistance
of counsel must be firmly founded and affirmatively demonstrated in the
record.  Thompson, 9 S.W.3d at 813B14. 
The record is best developed by a collateral attack, such as a motion
for new trial.  Jackson v. State,
973 S.W.2d 954, 957 (Tex. Crim. App. 1998); Kemp v. State, 892 S.W.2d
112, 115 (Tex. App.CHouston [1st. Dist.] 1994, pet. ref’d).








One example of ineffective assistance of counsel is an
attorney-client conflict of interest.  “In
cases where the appellant is claiming ineffective assistance of counsel due to
a conflict of interest, the mere claim of conflict is insufficient to disaffirm
a criminal conviction.”  Pina v. State,
29 S.W.3d 315, 317 (Tex. App.CEl Paso 2000, pet. ref=d). 
To preserve error, the defendant should object to the conflict during
trial. Nevertheless, a defendant who did not object can still prove ineffective
assistance of counsel if she shows an actual conflict that presented an
adverse effect “on specific instances of the attorney’s performance.”  Pina, 29 S.W.3d at 317 (citing Howard
v. State, 966 S.W.2d 821, 826 (Tex. App.CAustin 1998, pet. ref’d)).  Only when a defendant shows that her counsel
actively represented conflicting interests will she be able to lay a
constitutional predicate for ineffective assistance of counsel.  See Cuyler v. Sullivan, 446 U.S. 335,
350 (1980).  Possible conflict is not
sufficient.  See id.  Actual conflict exists if “counsel is
required to make a choice between advancing the client=s interest in a fair trial or
advancing other interests to the client’s detriment.”  Pina, 29 S.W.3d at 317B18.

Appellant argues she received ineffective assistance of
counsel because her attorney represented her in the criminal case and
represented her father in the civil Child Protective Services= case.  She argues that because her attorney was
attempting to defend her against accusations of serious injury to her children,
while at the same time representing her father, John Talbott, in his request
for visitation rights, an actual conflict existed.[3]  Appellant argues that the simultaneous legal
representation of appellant’s father in the civil case and appellant in the
criminal case establishes conflict of interest and ineffective assistance of
counsel.

However, appellant must show more than common representation;
she must prove that her attorney took actions that were detrimental and adverse
to her.  She did not show this.

The record establishes that John Talbott and appellant were
on the same side.  Appellant’s attorney
testified that his representation for John Talbott in the family civil case was
“a fall-back measure.”  He stated, “it
was in case somehow she either didn’t get access or they were going to be
denied access in the future.”  It also
appears from the record that an interventionChad it been filedCwould have been to obtain access, not
custody, to his grandchildren.

Because we find no actual conflict between appellant and John
Talbott, no need arose for appellant=s attorney to obtain an express
waiver in this case.  We note, however,
that a written waiver or a letter detailing the attorney’s role in both cases
would have been the better course of action. 
We overrule appellant’s claim of ineffective assistance of counsel of
this ground.








III.       Voluntariness
of Plea

We now turn to appellant’s claim that her plea was
involuntary because she did not know her parental rights could be terminated if
she entered the plea.

We will not find an intelligently made plea involuntary
simply because the defendant “did not correctly assess every relevant factor
entering into his decision.”  State v.
Vasquez, 889 S.W.2d 588, 590 (Tex. App.CHouston [14th Dist.] 1994, no writ)
(citing Ex parte Evans, 690 S.W.2d 274, 277 (Tex. Crim. App.
1985)).  The United States Supreme Court
has indicated that a guilty plea is voluntary if the defendant is aware of the “direct
consequences of his plea, unless the plea was induced by threats,
misrepresentations, or improper promises.” 
Brady v. United States, 397 U.S. 742, 756B57 (1970); Vasquez, 889 S.W.2d
at 590.  We will not find a guilty plea
involuntary due to the appellant=s lack of knowledge of a collateral
consequence.  See Ducker v. State,
45 S.W.3d 791, 795 (Tex. App.CDallas 2001, no pet.).

In claiming that her plea was involuntary, appellant asks
this Court to find that the potential loss of parental rights is a direct
consequence of a guilty plea.  She asks
us to hold that a defendant should be admonished about this possibility. 








As
noted earlier, a plea is considered voluntary if the defendant was made fully
aware of the direct consequences of the plea. 
State v. Jiminez, 987 S.W.2d 886, 888 (Tex. Crim. App. 1999)
(citing Brady, 397 U.S. at 755).  “There
are numerous relevant consequences of pleading guilty to a felony which are not
included in the admonishments: employment difficulties and restraints,
ineligibility to vote, ineligibility for jury service, restriction on travel
and others.”  Vasquez, 889 S.W.2d
at 590 (citing United States v. Banda, 1 F.3d 354, 356 (5th Cir.
1993)).  In Jimenez, the Court of
Criminal Appeals included a definition of “direct” and “collateral.”  “A consequence has been defined as ‘direct’
[when] it is ‘definite, immediate and largely automatic.’” Jiminez, 987
S.W.2d at 889 n.5 (citing United States v. Kikuyama, 109 F.3d 536, 537
(9th Cir. 1997) (citations and internal quotations omitted)).   “A
consequence has been defined as ‘collateral’ [when] ‘it lies within the
discretion of the court whether to impose it,’ or [when] ‘its imposition is
controlled by an agency which operates beyond the direct authority of the trial
judge.’”  Id. at n.6 (citing Kikuyama,
109 F.3d at 537 (citation and internal quotations omitted)).

Applying
these definitions to this case, clearly the consequences are collateral.
Termination of appellant’s parental rights was not within the criminal district
court’s authority, much less within her discretion.  Additionally, the criminal district court did
not have authority over the family district court that ultimately decidedCin its discretionCto terminate parental rights. 

In
summary, appellant was represented by counsel. 
She was told the trial judge was considering the full range of
punishment.  She was given the
admonishments required.  She testified at
the hearing on her motion for new trial that she understood what she was told,
and that she was not told she would be able to keep her children.  We hold that (1) appellant=s plea was not induced by threats,
misrepresentations, or improper promises, (2) the parental consequences of
appellant=s plea were collateral consequences,
and (3) appellant=s plea was voluntary.

IV.       Motion
for New Trial

The
trial court has discretion to grant or deny a motion for new trial.  Stults v. State, 23 S.W.3d 198, 206
(Tex. App.CHouston [14th Dist.] 2000, no
pet.).  An appellate court does not
substitute its opinion for this decision, but decides whether the trial court’s
decision was an abuse of discretion.  Id.

We
have already held that appellant did not establish ineffective assistance of
counsel or the involuntariness of her guilty plea.  These were the reasons appellant gave for
requesting a new trial.  Having overruled
them, we hold that the trial court did not abuse its discretion in denying the
motion for new trial.








For
the reasons given, we overrule points one through six and affirm the trial
court’s judgment.

 

/s/        Wanda McKee Fowler

Justice

 

 

 

 

Judgment rendered and Majority and Concurring Opinions
filed October 24, 2002.

 

Panel consists of Chief Justice Brister, Justices
Hudson and Fowler.  (Brister, C.J.
concurring).

 

Publish C Tex.
R. App. P. 47.3(b).








Affirmed and Majority and Concurring Opinions filed
October 24, 2002.

 




 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-01-01021-CR 

NO. 14-01-01022-CR 


____________

 

ANGELA TALBOTT, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 184th District Court

Harris County, Texas

Trial Court Cause Nos. 872,107 and 872,108 

 



 

C O N C U R R
I N G   O P I N I O N



The parties here signed an
agreement.  The State dismissed two
charges of child abuse against appellant; in return, she pleaded guilty to two
others and agreed not to appeal. 
Having obtained what she bargained for, she now appeals anyway.  

            A
defendant in a noncapital case may waive any rights secured by law.  See Tex.
Code Crim. Proc. Ann. art. 1.14(a). 
That includes the right to appeal.  See Blanco v. State, 18 S.W.3d
218, 220 (Tex.Cr.App. 2000).  








Nevertheless, for many years the
Court of Criminal Appeals disregarded waivers of appeal, citing three
reasons:  (1) the right to appeal had not
yet matured, (2) the defendant could not know what errors would occur at trial,
and (3) the defendant could not know what sentence would be assessed.  See Ex parte Townsend, 538 S.W.2d 419,
420 (Tex.Cr.App. 1976).  The first has
been abrogated by amendments to the appellate rules.  See Tex.
R. App. P 27.1(b) (allowing prematurely filed notices of appeal).  The second does not apply to negotiated
pleas, as that plea is the “trial.” 
See Alzarka v. State, 60 S.W.3d 203, 205-06 (Tex.App.BHouston [14th Dist.] 2001, pet.
granted).  The third does not apply if
the trial judge assesses the punishment that the parties agreed to in their
bargain.  See Blanco, 18 S.W.3d at
220.

            In
this case, there was no agreement on punishment, so it was tried to the
court.  But that should not make
appellant=s waiver unenforceable.  While she could not know what errors might
occur during the punishment phase, she certainly did as to the guilt phase,
since her plea put an end to that part of her trial.  Thus, if her waiver is limited to the guilt
phase, there is no reason to be concerned that she is waiving an error she did
not know about.

            And
while appellant did not know what punishment she would receive, that was not a
part of her bargain.  The defendants in Townsend,
Blanco, and Alzarka bargained for reduced sentences; their Adeal@ was lost if sentence was not
reduced.  To borrow from contract law,
there was a failure of consideration if punishment was not as the parties
agreed.








            But
knowing her sentence was not a part of appellant’s bargainCshe bargained not for a reduced sentence
but a reduced number of charges. 
When the State dismissed those charges, she got what she bargained for,
whatever sentence she eventually received. Townsend’s requirement that
she know her sentence should not apply when a reduced sentence was not a part
of her bargain.  I would apply the
concept behind Townsend (failure of consideration), rather than the
specific test it set out for a different type of bargain. 

Although appellant waived all appeal
in her agreement, Townsend appears to limit  that waiver to errors during the guilt phase,
as errors during the punishment phase were yet to occur.  Compare United States v. Richards,
302 F.3d 58, ___ (2d Cir.2002) (considering appeal when defendant waived right
to appeal plea but retained right to appeal sentencing).  Because all of her points on appeal relate to
her plea rather than her punishment, I would dismiss her appeal based on her
waiver.

            Thus,
I would hold that appellant has received the benefit of her plea bargain, and
waived any appeal from her guilty plea. 
Because the panel instead affirms the trial court’s judgment, I concur
in the result only.

 

 

/s/        Scott Brister

Chief Justice

 

 

 

 

 

 

 

Judgment
rendered and Majority and Concurring Opinions filed October 24, 2002.

Panel
consists of Chief Justice Brister and Justices Hudson and Fowler.

Publish C Tex. R. App. P. 47.3(b).

 











[1]  Appellant
originally was indicted for four separate events, but the State dismissed two
of the indictments in return for her agreement to plead guilty.





[2]  Almost fifteen
years before Blanco, the Court of Criminal Appeals held that a notice of
appeal is effective, even if given prematurely. 
See Panelli v. State, 709 S.W.2d 655, 657 (Tex. Crim. App.
1986).  Consequently, since then, the
concept that the appeal had not yet matured was no longer an issue.





[3]  Appellant=s criminal attorney, Andrew McGee, was only assigned
to the appellant for the criminal trial; appellant was assigned a different
lawyer for her civil custody case. 
Appellant=s father initially asked McGee to file an intervention
for him, but then later retracted that request.