Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

DONNIE BRAMBRIDGE STOWE,
)
 No. 08-03-00282-CR

)


 Appellant,
)
 Appeal from

)
 

v.
)
 243rd District Court

)


THE STATE OF TEXAS,
)
 of El Paso County, Texas

)


 Appellee.
)
 (TC# 20020D01700)


OPINION ON MOTION



 Pending before the Court is the motion of Appellant, Donnie Brambridge Stowe, to compel
production of the reporter's record from his original guilty plea and adjudication hearing.
Additionally, the cause is before the Court on our own motion for determination: (1) whether we
are authorized to consider the accuracy of the trial court's certification that Appellant does not have
a right to appeal; and (2) and whether the appeal should be dismissed. We find that Appellant has
no right to appeal the original order placing him on deferred adjudication community supervision,
but he does have a limited right to appeal matters related to sentencing following adjudication. 
Accordingly, he is entitled to the reporter's record.

FACTUAL SUMMARY


 On July 2, 2002, Appellant entered a negotiated plea of guilty to violation of a protective
order. In accordance with the plea bargain, the trial court deferred adjudicating Appellant's guilt and
placed him on community supervision for a term of six years. Other counts were dismissed and
Appellant waived his right to appeal as part of the plea bargain. The State filed a motion to
adjudicate guilt on February 10, 2003. Following a contested hearing, the trial court found that
Appellant had again violated the protective order, failed to participate in community service projects,
failed to pay certain fees, and failed to participate in family violence counseling. The court then
entered an adjudication of guilt and assessed punishment at imprisonment for a term of six years. 

 Appellant, acting pro se, filed a general notice of appeal indicating that he intended to appeal
his conviction and sentence. His notice of appeal did not include the trial court's certification of his
right to appeal. Trial counsel subsequently filed a motion to withdraw. Before ruling on the motion
to withdraw, we ordered the trial court to conduct a hearing to determine whether Appellant had
retained counsel or was entitled to court-appointed counsel. The trial court conducted the hearing
on July 3, 2003 and appointed Matthew Dekoatz to represent Appellant for purposes of the hearing. 
The court observed that Appellant could not appeal the original guilty plea or the decision to
adjudicate but appointed Mr. Dekoatz to represent Appellant on appeal. The court further ruled that
because Appellant had waived his right to appeal, he was not entitled to the reporter's record from
either the guilty plea or the adjudication hearing. In written findings of fact and conclusions of law,
the trial court stated that Appellant's attempt to appeal was in contravention of his previous waiver
of the right to appeal. The court subsequently certified that this is a plea-bargain case and Appellant
has no right of appeal. The Clerk's Office requested that Appellant file a response to the certification
but Appellant instead filed a "Motion to Compel Record" in which he alleges that he has a right to
obtain the reporter's record from the original guilty plea and adjudication proceeding. He argues that
he is unable to determine whether he has a right to appeal without reviewing the reporter's record
from these proceedings, and therefore, he will be denied the effective assistance of counsel on
appeal. The State, citing Tex.R.App.P. 25.2(d), has filed a response urging that the appeal be
dismissed because a certification showing that Appellant has the right to appeal has not been made
part of the record. 

THE TRIAL COURT'S CERTIFICATION


 Rule 25.2(a)(2) governs the defendant's right to appeal in a criminal case:

 A defendant in a criminal case has the right of appeal under Code of Criminal
Procedure article 44.02 and these rules. The trial court shall enter a certification of
the defendant's right of appeal in every case in which it enters a judgment of guilt or
other appealable order. In a plea bargain case--that is, a case in which defendant's
plea is guilty or nolo contendere and the punishment did not exceed the punishment
recommended by the prosecutor and agreed to by the defendant--a defendant may
appeal only:


 (A) those matters that were raised by written motion filed and ruled
on before trial, or


 (B) after getting the trial court's permission to appeal.


Tex.R.App.P. 25.2(a)(2).


 The certification must be included in the record when the notice of appeal is filed but may
be added by timely amendment or supplementation under Rules of Appellate Procedure 25.2(f),
34.5(c)(1), 37.1, or by order of the appellate court under Rule 34.5(c)(2). Tex.R.App.P. 25.2(d),
25.2(f), 34.5(c)(1), 37.1. The appeal must be dismissed "if a certification that shows the defendant
has the right of appeal has not been made part of the record under these rules." Tex.R.App.P.
25.2(d).

 We have adopted a procedure of notifying an appellant when we receive a copy of the notice
of appeal (1) and accompanying certification showing that the defendant has no right of appeal. The
Clerk's Office informs the appellant that the appeal will be dismissed based on the certification but
invites the appellant to file a response within a specified period of time. In some cases, the
appellant's attorney has conceded that the appellant has no right of appeal and has concurred in the
dismissal. See e.g., Hidler v. State, No. 08-03-00149-CR, 2003 WL 21765329 (Tex.App.--El Paso
July 31, 2003, no pet.h.)(not designated for publication); Salazar v. State, No. 08-03-00213-CR,
2003 WL 21765078 (Tex.App.--El Paso July 31, 2003, no pet. h.)(not designated for publication).

 At least four appellate courts follow a similar procedure and allow the appellant an
opportunity to respond before the appeal is dismissed. See Daniels v. State, 110 S.W.3d 174
(Tex.App.--San Antonio 2003, no pet.); Smith v. State, No. 12-03-00079-CR, 2003 WL 1883467,
at *1 (Tex.App.--Tyler Apr.16, 2003, no pet.)(not designated for publication); Teel v. State, 104
S.W.3d 266, 267 (Tex.App.--Beaumont, 2003, no pet.); Hasty v. State, No. 02-03-021-CR, 2003 WL
1784664, at *1 (Tex.App.--Fort Worth Apr. 3, 2003, no pet.)(not designated for publication). The
San Antonio and Beaumont Courts of Appeals find the certification defective within the meaning
of Rule 37.1 and rely on that rule as authority for allowing the appellant an opportunity to be heard
and correct an error or defect in the certification. See Daniels, 110 S.W.3d at 177; Teel, 104 S.W.3d
at 267. In Hasty, the Fort Worth Court of Appeals sought a response from the appellant before
dismissing the appeal. The court relied on Rule 44.3 (2) which prohibits a court of appeals from
dismissing an appeal for defects or irregularities in appellate procedure without allowing a
reasonable time to correct or amend the defects or irregularities. See Hasty, 2003 WL 1784664, at
*1. 

 Other intermediate appellate courts, however, take the certification at face value and
dismiss the appeal ostensibly without any notice or inquiry. See Walker v. State, 110 S.W.3d 509,
510 (Tex.App.--Waco 2003, no pet.); Aguilar v. State, No. 14-03-00346-CR, 2003 WL 1922509,
at *1 (Tex.App.--Houston [14th Dist.] Apr. 24, 2003, no pet.)(not designated for publication);
Hynson v. State, No. 05-03-00085-CR, 2003 WL 1995143, at *1 (Tex.App.--Dallas May 1, 2003,
no pet.)(not designated for publication); Harris v. State, No. 01-03-00114-CR, 2003 WL 1849186,
at *1 (Tex.App.--Houston [1st Dist.] Apr. 10, 2003, no pet.)(not designated for publication); Smith
v. State, No. 11- 03-00067-CR, 2003 WL 1393983, at *1 (Tex.App.--Eastland Mar. 20, 2003, no
pet. h.)(not designated for publication). (3) The Waco Court of Appeals observed in Walker that a
certification stating that the defendant has no right of appeal is not defective or irregular within the
meaning of Rule 37.1 or Rule 44.3, but is instead facially valid because it is in the form provided by
the Court of Criminal Appeals. See Walker, 110 S.W.3d at 511. The court then determined that
these rules do not provide the appellate court with authority to inquire into the validity of the
certification nor do they provide the appellant with an opportunity to cure a defect in the
certification. See Walker, 110 S.W.3d at 511. Under this view, the appellate court is essentially
powerless to inquire into or even consider the accuracy of the certification so long as it is in the
prescribed form. We decline to adopt such an overly restrictive view of our authority.

 First, we are unaware of any rule which would prohibit an appellate court from inquiring into
the accuracy or validity of any document filed with the court particularly when the document will
require dismissal of an appeal. Second, a certification may appear facially valid yet be factually or
legally incorrect. In apparent recognition of this possibility, Rule 25.2(f) allows an appellant to
correct a defect or omission in an earlier filed certification in accordance with Rule 37.1. Rule 44.3
prohibits an appellate court from dismissing an appeal for a procedural defect without giving the
appellant an opportunity to correct the defect. Given the duties imposed on an appellate court by
these rules, a court certainly has implied authority to inquire into the validity or accuracy of a
certification before dismissing the appeal. See Eichelberger v. Eichelberger, 582 S.W.2d 395, 398-99 (Tex. 1979)(a court's implied powers are those powers which can and ought to be implied from
an express grant of power). Finally, an argument can be made that dismissal of an appeal pursuant
to Rule 25.2(d) constitutes dismissal due to a formal defect in appellate procedure, so that Rule 44.3
of the Rules of Appellate Procedure would apply. In order for a criminal defendant to maintain an
appeal, the trial court must certify in writing that the defendant has a right to appeal. The absence
of such a certification requires dismissal of the appeal. So it is not the certification stating that the
defendant does not have a right of appeal which is defective, but rather the appellant's attempt to
appeal in the absence of a certification from the trial court that he has a right of appeal. Accordingly,
we conclude that a court of appeals is authorized, if not required, to notify the appellant of the court's
intent to dismiss the appeal unless the defect is corrected within a reasonable period of time.

THE RIGHT TO APPEAL


 There are several rules and legal concepts which limit or even eliminate Appellant's ability
to appeal matters related to the original guilty plea, the adjudication hearing, and sentencing.


Original Guilty Plea


 As a general rule, a defendant placed on deferred adjudication community supervision may
raise issues related to the original plea proceeding only in appeals taken when deferred adjudication
community supervision is first imposed. See Manuel v. State, 994 S.W.2d 658, 661-62
(Tex.Crim.App. 1999). There are only two exceptions to this rule, the "void judgment" exception
and the "habeas corpus exception." See Nix v. State, 65 S.W.3d 664, 667 (Tex.Crim.App. 2001). 
The void judgment exception recognizes that there are some rare situations in which a trial court's
judgment is accorded no respect due to a complete lack of power to render the judgment in question. 
Id. If the original judgment imposing probation is void, then the trial court would have no authority
to revoke probation. Nix, 65 S.W.3d at 668. Appellant is unable to avail himself of the void
judgment exception. First, the clerk's record reflects that the charging instrument satisfies the
constitutional requisites of an indictment. Second, the 243rd District Court had subject matter
jurisdiction of the case. Third, Appellant entered a guilty plea and therefore cannot allege that there
is no evidence to support his conviction. See Nix, 65 S.W.3d at 668 n.14. Finally, the clerk's record
reflects that Appellant was represented by counsel at his original guilty plea.

 The habeas corpus exception essentially involves the litigation of a writ of habeas corpus at
the probation revocation or adjudication proceeding. Nix, 65 S.W.3d at 669. To invoke the habeas
corpus exception on appeal, the defendant must show: (a) that the claim is cognizable on a writ of
habeas corpus and (b) that the defendant attempted to litigate the claim at the revocation proceeding. 
Id. at 670. Even though the probationer can raise his claims in the context of the revocation
proceeding, he still must file a petition for writ of habeas corpus in the trial court. Id. The clerk's
record does not contain a petition for writ of habeas corpus nor a ruling by the trial court on such a
petition. Further, the district clerk has informed us that the record below does not contain such a
petition or ruling by the trial court. Therefore, this exception does not apply.

 Appellant's ability to appeal the original guilty plea is limited for yet another reason. The
clerk's record reflects that Appellant entered a negotiated guilty plea and the punishment assessed
did not exceed the recommended punishment. Thus, an appeal from the original guilty plea would
have been restricted by the rule that the defendant may appeal only those matters raised by written
motion and ruled on before trial, or after getting the trial court's permission to appeal. Tex.R.App.P.
25.2(a)(2). (4) Here, Appellant waived his right to appeal as part of the plea bargain. It is well
established that a defendant in a noncapital case may waive any right secured him by law, including
his right to appeal. Blanco v. State, 18 S.W.3d 218, 219 (Tex.Crim.App. 2000); Tex.Code
Crim.Proc.Ann. art. 1.14(a)(Vernon Supp. 2003). A knowing and intelligent waiver is binding on
the defendant and prevents him from appealing a waived issue without the consent of the court. See
Monreal v. State, 99 S.W.3d 615, 622 (Tex.Crim.App. 2003); Blanco, 18 S.W.3d at 219-20. 
Although Appellant filed certain pretrial motions, he waived his right to appeal them and the trial
court has not given Appellant permission to appeal any other issues. Therefore, the trial court
correctly concluded that Appellant does not have a right to appeal any matters related to the original
guilty plea.

Decision to Adjudicate and Sentencing


 Appellant is not permitted to appeal any matters related to the trial court's determination to
proceed with an adjudication of guilt. Tex.Code Crim.Proc.Ann. art. 42.12, § 5(b)(Vernon Supp.
2003). Rule 25.2(a)(2) and Article 42.12, section 5(b) would not prevent Appellant from raising
issues which challenge the process by which he was sentenced following adjudication of guilt
because such issues are unrelated to the conviction or the decision to adjudicate. See Kirtley v. State,
56 S.W.3d 48, 51-52 (Tex.Crim.App. 2001); Vidaurri, 49 S.W.3d at 885. The only question
remaining is whether Appellant's waiver of his right to appeal prevents him from raising issues
related to the sentencing process.

 It has long been the law that post-sentencing waivers of the right to appeal are binding on a
defendant. See e.g., Ex parte Tabor, 565 S.W.2d 945, 946 (Tex.Crim.App. 1978); Ex parte Dickey,
543 S.W.2d 99, 104 (Tex.Crim.App. 1976). Until recently, it was equally well-established that a
pretrial waiver of appeal was involuntary, and therefore, not binding on a defendant. See Ex parte
Townsend, 538 S.W.2d 419, 420 (Tex.Crim.App. 1976). Likewise, waivers of appeal made after
conviction but before punishment or sentencing were not permitted. See Ex parte Thomas, 545
S.W.2d 469, 470 (Tex.Crim.App. 1977). The rule precluding pretrial and pre-sentencing waiver of
appeal was based on three principles: (1) the defendant's right of appeal had not yet matured; (2) 
the defendant did not know what punishment would be assessed; (5) and (3) the defendant could not
anticipate errors that might occur at trial. Buck v. State, 45 S.W.3d 275, 277 (Tex.App.--Houston
[1st Dist.] 2001, no pet.); Bushnell v. State, 975 S.W.2d 641, 643 (Tex.App.--Houston [14th Dist.]
1998, pet. ref'd); see Dickey, 543 S.W.2d at 101.

 Due to changes in the law since Townsend and Thomas were decided, the Court of Criminal
Appeals has upheld a waiver of appeal made after conviction but before sentencing. Blanco, 18
S.W.3d at 219-20. There, a jury convicted the defendant of burglary. Prior to sentencing, the State
and Blanco reached an agreement where the State promised to recommend a sixteen-year sentence
in exchange for Blanco's agreement to waive his right of appeal. Blanco, 18 S.W.3d at 219. The
trial court assessed punishment in accordance with the recommendation but Blanco still filed a notice
of appeal. Id. at 219. The Court of Criminal Appeals upheld the waiver because the concerns
expressed in Thomas and Townsend are less compelling in cases where the trial court follows the
State's sentencing recommendation. Id. at 219-20. Blanco knew what his punishment would be if
the court followed the agreement, and at the time he waived his right of appeal he knew what errors
had occurred during trial. Id. at 219. Because Blanco was fully of aware of the likely consequences
when he waived his right to appeal, it was not unfair to require him to live with the consequences. 
Id. at 219-20.

 In Buck v. State, the First Court of Appeals upheld a waiver of appeal made in connection
with a negotiated guilty plea and prior to sentencing. Buck, 45 S.W.3d at 277. The defendant
initially entered a plea of not guilty before a jury but changed his plea after reaching an agreement
with the State. Id. at 276-77. The plea papers contained a waiver of the right to appeal signed by
the defendant. The trial court sentenced him in accordance with the plea agreement but Appellant
later filed a pro se notice of appeal. Id. at 277. Applying the reasoning of Blanco to this negotiated
guilty plea, the court of appeals found the waiver of appeal voluntary and valid. In reaching this
decision, the court explained that the first two concerns expressed in Townsend--that the right of
appeal had not matured and that the defendant did not know what punishment would be assessed--are
no longer viable even pretrial because of statutory and rule amendments. Buck, 45 S.W.3d at 277. 
A notice of appeal filed prematurely is effective pursuant to Tex.R.App.P. 27.1(b). Under Article
26.13 of the Code of Criminal Procedure, the trial court is required to inform the defendant before
accepting the plea whether the plea bargain will be followed and the defendant has the right to
withdraw his plea if the court does not follow the plea bargain. Tex.Code Crim.Proc.Ann. art.
26.13(a)(2)(Vernon Supp. 2003). The court further held that the third reason stated in Townsend--that a pretrial waiver of the right of appeal is invalid because a defendant cannot anticipate errors that
might occur during trial--is likewise no longer viable. Buck, 45 S.W.3d at 277. In the context of a
negotiated guilty plea, the plea hearing constitutes the defendant's trial and all that remains is for the
trial court to assess punishment in accordance with the plea agreement or advise the defendant that
the plea bargain would not be followed. Id. Consequently, the court of appeals found that the
defendant's pretrial waiver of the right to appeal was valid and dismissed the appeal.

 We agree with the First Court of Appeals that a waiver of the right to appeal made under the
circumstances presented in that case is valid. The reasoning stated in Buck would apply equally to
a negotiated guilty plea where the finding of guilt is deferred and the defendant placed on community
supervision. Whether the waiver of appeal is also valid with respect to errors occurring in the
sentencing hearing after adjudication of guilt is another matter. At the time he waived his right to
appeal, Appellant certainly knew that if he violated the terms and conditions of probation he could
be adjudicated guilty and his punishment assessed somewhere in the range of punishment for his
offense. However, he had no way of anticipating those errors which might occur during this future
sentencing proceeding or whether he would have a reason to appeal from that hearing. 
Consequently, Appellant's waiver of the right to appeal is not voluntary or knowing insofar as it
applies to the sentencing proceeding. See Ex parte Townsend, 538 S.W.2d at 420.

 Our review of the reporter's record from the compliance hearing reflects that the trial court
made every effort to decide this complex issue correctly. The court accurately determined that
Appellant had no right to appeal matters related to the original guilty plea or adjudication hearing.
Appellant does, however, have a right to appeal errors arising out of the sentencing proceeding. 
Accordingly, the certification is defective. The trial court is directed to file an amended certification
with the Clerk of this court showing that Appellant has a limited right of appeal in accordance with
this opinion. See Tex.R.App.P. 25.2(f), 37.1. Given Appellant's limited ability to appeal, he is
entitled to the reporter's record. Therefore, Appellant's motion to compel the record is granted. 
Although Appellant does not have a right to appeal any issues arising at the original guilty plea or
adjudication hearing, the court reporter is directed to prepare the record of the guilty plea,
adjudication hearing, and sentencing so that any alleged errors can be considered in light of the entire
record. It is further ordered that the appeal be abated until the reporter's record is filed with this
Court.


October 2, 2003 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.


(Publish)
1. Tex.R.App.P. 25.2(e)(requiring trial court clerk to send copy of notice of appeal and certification to the court
of appeals). 
2. Tex.R.App.P. 44.3. 
3. Of these courts, only the Waco Court of Appeals has affirmatively stated that no notice should be given to
the appellant of the appellate court's intent to dismiss. The other courts dismiss the appeal without stating whether or
not they had made any inquiry of the appellant or given notice of intent to dismiss the appeal based on the certification.
4. It is irrelevant that the parties did not enter into a plea bargain in connection with the adjudication proceeding. 
See Vidaurri v. State, 49 S.W.3d 880, 883 (Tex.Crim.App. 2001)(holding that it is the defendant's initial plea of guilty
or nolo contendere to the charged offense which warrants application of former Rule 25.2(b)(3)).
5. At the time Townsend was decided, there was no statutory mechanism permitting a negotiated plea. Bushnell
v. State, 975 S.W.2d 641, 643 (Tex.App.--Houston [14th Dist.] 1998, pet. ref'd). Therefore, the defendant could not
be certain what punishment would be assessed. Id. Further, the defendant could not withdraw his plea if the court failed
to follow the prosecutor's recommendation. Id.