**Dismissed and Opinion filed June 25, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-00677-CR

**LITTLE JOHN FAULKNER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 1813146**

## O P I N I O N

Appellant Little John Faulkner appeals his conviction for indecent exposure, asserting, among other things, that his plea agreement is void for lack of consideration. We dismiss the appeal for lack of jurisdiction because appellant waived his right to appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant was charged by information with the offense of indecent exposure. Appellant pleaded "not guilty" to the charged offense. A jury found appellant guilty as charged. The record reflects that appellant entered into an agreement with the State as to punishment and waived his right to appeal. The trial court accepted the agreement and sentenced appellant to 180 days' confinement in jail. Appellant now seeks to appeal the conviction. The State asserts this court is without jurisdiction to consider the appeal.

## ANALYSIS

In his first issue appellant argues that the agreement on punishment was void for lack of consideration.[1] He asserts that he received no benefit because the punishment to which he agreed was the maximum punishment allowed under law. Appellant argues that the agreement should be ordered withdrawn and the case remanded for a new punishment hearing.

As a preliminary matter, we consider the State's argument that this court lacks jurisdiction over the appeal. The State points to the trial court's certification of the defendant's right to appeal, which was filed in this court as part of the clerk's record. *See* Tex. R. App. P. 25.2(d). The trial court's certification bears appellant's signature and indicates that he waived the right to appeal; appellant's initials are printed beside a box containing a check-mark beside the phrase, "the defendant has waived the right of appeal." We review the record to determine whether the record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005) (providing that an appellate court may review the record to determine whether an appellant has the right to appeal).

---

[1] In his second issue, appellant asserts charge error in the guilt/innocence phase.

The record reflects the following exchange:

[Judge]: All right, Now, y'all in agreement? Is there an agreement on punishment? All right. Is there an agreement on punishment?

[Prosecutor]: Yes, Your Honor.

[Appellant's Trial Counsel]: Well, judge, we'll agree. Yeah, we'll agree.

[Judge]: Okay. Now, first of all, are you waiving your right to appeal?

[Appellant]: Yes, sir.

[Judge]: All right. Fill it out. I need that document.

[Appellant's Trial Counsel]: I filled it out. He needs to initial it.

After a discussion off-record, the following colloquy occurred:

[Judge]: . . . And I have in hand the trial court certification, defendant's right to an appeal, and is this your signature, sir, right here?

[Appellant]: Yes, sir.

[Judge]: And are you waiving your right to an appeal, is that correct?

[Appellant]: Yes, sir.

[Judge]: Sir?

[Appellant]: Yes, sir.

[Judge]: All right. And that's your initials on there, is that correct?

[Appellant]: Yes, sir.

[Judge]: All right. Thank you so much. It's hereby the order of the court, jury having found you guilty, the court has received that verdict and I hereby—it's an agreement from both sides you're basically— apparently you got enough back time here, but the agreement is for 180 days in jail, which is the maximum you can get for this offense. There's no enhancement, is that correct, or is there? Is there an enhancement paragraph

[Appellant's Trial Counsel]: I don't think so, Judge.

[Judge]: Well, double check it.

3

[Prosecutor]: Yes. It's a felony with a weapon.

[Appellant's Trial Counsel]: Oh, yes, there is.

[Judge]: State abandons the enhancement paragraph. Enhancement paragraph is abandoned, otherwise you['re] going to have to prove it up. You don't have the fingerprint man, so disregard.

All right. Enhancement is abandoned and the jury found him guilty, I find you guilty, assess your punishment as per the plea agreement as per—not the plea agreement but as per the terms of what both sides tactically agreed to 180 days in jail, credit for time served, whatever that is.

A defendant in any criminal action has the right to appeal. Tex. Code Crim. Proc. Ann. art. 44.02 (West 2006). But a defendant may waive any rights secured him by law. Tex. Code Crim. Proc. Ann. art. 1.14(a) (West 2005). A valid waiver of the right to appeal, whether negotiated or non-negotiated, will prevent a defendant from appealing without the consent of the trial court. *See Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). The record reflects that, in exchange for appellant's waiver of the right to appeal, the State agreed to punishment of 180 days' confinement in jail and no fine. Contrary to appellant's argument, this agreed punishment was not the maximum allowed under law; the maximum punishment was a $2,000 fine and 180 days' confinement in jail. *See* Tex. Penal Code Ann. §§12.22, 12.43(b) (West 2013). The trial court sentenced appellant in accordance with the agreement on punishment; therefore, the State gave consideration for the waiver of appeal, and appellant received a benefit. *See Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000); *Moreno v. State*, 327 S.W.3d 267, 268–69 (Tex. App.—San Antonio 2010, no pet.); *Bushnell v. State*, 975 S.W.2d 641, 641–44 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd). We conclude that appellant voluntarily, knowingly, and intelligently waived his

right to appeal and received consideration from the State.[2] *See Blanco*, 18 S.W.3d at 219–20 (affirming dismissal of appeal based upon appellant's waiver of the right to appeal after conviction in exchange for State's agreement to recommend that the trial court assess punishment at sixteen years' confinement); *Moreno*, 327 S.W.3d at 268–69 (enforcing post-sentencing waiver of appeal made in open court); *Bushnell*, 975 S.W.2d at 641–44 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd) (dismissing for lack of appellate jurisdiction based upon waiver of the right to appeal made in exchange for State's agreement as to punishment, as expressed in colloquy in open court).

We conclude that the trial court's certification that appellant waived his right to appeal is supported by the record. *See* Tex. R. App. P. 25.2(a). Because appellant has no right to appeal, the proper course is to dismiss the appeal without reaching the merits.[3] *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); *Blanco*, 18 S.W.3d at 219–20; *Bushnell*, 975 S.W.2d at 641–44. Accordingly, we dismiss the appeal for lack of jurisdiction.

/s/     Kem Thompson Frost
        Justice

Panel consists of Justices Frost, Brown, and Busby.

Publish — TEX. R. APP. P. 47.2(b).

---

[2] On appeal, appellant does not assert that his waiver of the right to appeal was not made voluntarily, knowingly, and intelligently.

[3] The issues raised under appellant's first issue relate both to the merits and to the validity of appellant's waiver of the right to appeal. We do not rule on the merits of appellant's issues, but we address appellant's arguments under the first issue to the extent they relate to waiver of the right to appeal.